WILLIAM JENKINS V. THE STATE.

C. C. MILLICAN V. THE STATE.

On the trial of an indictment for gaming in the cabin of a steamboat, the evidence failed to prove whether the boat was in B. or in G. county when the gaming took place ; but the court below instructed the jury in substance, to find the defendant guilty if they believed from the evidence that the boat, on the trip where the gaming was done, commenced or terminated its voyage in the county of B. *Held,* to be error. The venue must be proved as laid.

APPEAL from Brazoria. . Tried below before the Hon. Wm. H. Burkhart.

There is no occasion for a statement of the facts.

No brief for the appellants has reached the hands of the reporter.

*Wm. Alexander, Attorney-General,* for the State.

WALKER, J. In these cases the venue as laid in Brazoria county is not proved. The evidence goes to show that the offense was committed in Galveston county, if not upon the high seas.

The charge of the court is erroneous, in this :

The court says :—" Or if you believe that the offense was " committed not in Brazoria county, but within the boundaries " of the State of Texas, and that during the voyage, the said " boat navigated the waters of Brazoria county, or began or ter- " minated her voyage in said county," etc.

The offense must be proved to have been committed within the county where the indictment is found.

The judgments in the District Court in these two cases are reversed, and the causes remanded.

Reversed and remanded.