### CHARLES DIETZ v. THE STATE.

43  371
35a 169

PRACTICE IN SUPREME COURT.—The court will not notice a certificate made by the prosecuting attorney and the judge presiding in the court below that the *venue was proven*, when that fact does not appear in the statement of facts in the transcript.

APPEAL from McLennan.    Tried below before the Hon. N. W. Battle, Judge of the Criminal Court of the city of Waco.

*Herring, Anderson & Kelly,* for appellant.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—There is no venue proved, as shown in the statement of facts contained in the transcript of the record, nor are there any facts proved from which the court could *ex officio* know, or from which the jury could be held to have reasonably inferred, that the transactions constituting the offense had occurred in McLennan county.

This defect is not cured by certificates of the district attorney and presiding judge that certain witnesses did prove on the trial that the facts occurred in McLennan county, which were made and filed in the District Court long after the case had been filed in this court and certified by the district clerk and sent up to this court. As has often been held, this court cannot notice such papers that are found to be filed in this court for any such purpose.

The case, as presented to this court on the record, is and must be regarded as one in which there was a total failure to prove where the alleged killing took place, which is a material fact necessary to be proved on the part of the State in every conviction. Such deficiency in the proof appearing upon the face of the record is a good ground for reversing the judgment and remanding the case for a new

trial.   Our code provides that "the Supreme Court may revise the judgment in a criminal action as well upon the law as upon the facts, but when a cause is reversed for the reason that the verdict is contrary to the weight of the evidence, the same shall in all cases be remanded for a new trial." (Paschal's Dig., art. 3208.)

If, as is thus provided, a conviction may be reversed because the verdict is contrary to the weight of the evidence, much stronger reason would there be for reversing it where there was a total deficiency in the proof of a material and necessary fact as in this case.

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.