### E. A. MOORE *v.* THE STATE.

1. DESCRIPTION OF STOLEN ANIMAL.—"One beef steer, neat cattle," is sufficient, in an indictment, as a description of the animal alleged to have been stolen.

2. VENUE.—The proof of venue should not be left to intendment or presumption. See the opinion for evidence held insufficient to prove the venue of the theft charged.

3. PROOF OF THE CORPUS DELICTI.—Note the opinion for evidence inadequate to prove the theft of a steer, or to connect the accused with the animal alleged to have been stolen.

APPEAL from the District Court of Limestone. Tried below before the Hon. D. M. PRENDERGAST.

The indictment was against the appellant and one Carver, which explains why the opinion speaks of the "defendants." They severed in their trials. Verdict of guilty was returned in the appellant's case, with a term of two years in the penitentiary.

*W. H. Frisbie*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.  The objection to the indictment for want of a sufficient description of the animal stolen is not well taken. · "The word *beef*, as used in the indictment, means an animal of the cow species, denominated in the statute ' cattle,' and not beef prepared for market or for use as meat.  A beef, or one beef, is an expression frequently used to designate an animal fit for use as beef, instead of designating it as a steer, a heifer, or a cow." *Davis* v. *The State*, 40 Texas, 134.  And an indictment which charges theft of an " ox," without using the statutory word *cattle*, is held to be good. *Parchman* v. *The State*, 44 Texas, 192. This court has also held, in the case of *Robertson* v. *The State*, 1 Texas Ct. of App. 311, that a charge of theft of " a beef steer " was sufficient.

But, whilst the indictment is sufficient, the same cannot be said of the evidence as set out in the statement of facts in the record.  We do not think the venue is proven with that certainty which is required.  It is true that the killing and skinning of the ox or beef steer, with the fraudulent intent to sell the hide, would constitute theft of the animal, since our statute dispenses with proof of asportation in the definition of theft. *Masquez* v. *The State*, 41 Texas, 226.  But we are not informed by the evidence that the animal was killed or stolen, and, if so, in what county the steer was killed, nor in what county the defendant was found in possession of the hide.  The nearest approach to proof of venue is the statement made by the alleged owner that it, his beef steer, ranged in Limestone county.  The parties were arrested within six miles of Waco, but whether in Limestone or McLennan county we are not told.

Proof of venue should not be left to intendment or presumption. *Deitz* v. *The State*, 43 Texas, 371; *Burch* v. *The State*, 43 Texas, 376; *Jenkins* v. *The State*, 36 Texas, 345; *Bell* v. *The State*, 1 Texas Ct. of App. 81.

Again, there is no positive evidence going directly to con-

nect the defendant with the *corpus delicti*. In the first place, there is no evidence, as is stated above, establishing the fact that the beef steer was stolen or killed, and, for aught that appears, he may still be on the range where his owner saw him ten days before the arrest of the defendant.

Again, the testimony is that defendants were followed, and found five miles this side of Waco; they had several hides in their wagon, and one was branded Pool (the brand being the same as that upon the animal charged to have been stolen). They claimed that the hides belonged to them, and that they had bought them from some negroes. They were arrested and brought back to Mt. Calm, where they had an examination trial. The alleged owner of the animal says : " I saw a beef hide in Mt. Calm on the day they [the defendants] were tried before the magistrate [on examining trial]. It was a dun-colored hide ; compared precisely with my beef."

The testimony fails to show, however, that this hide which he saw at Mt. Calm was one of the hides found in the wagon of defendants when they were arrested, and that it was brought back to Mt. Calm as one of the hides which were brought back with defendants. This fact, if it existed, certainly could have been proven; and yet we are left to presume it from the other facts stated.

Resort cannot be had to presumptive evidence to establish a fact, when such evidence necessarily indicates that better evidence of the fact exists. *Porter* v. *The State*, 1 Texas Ct. of App. 394.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*