## W. R. BELCHER v. THE STATE.

*No. 1086.   Decided November 6th, 1895.*

### 1.   Statement of Facts—Amendment of by Judge After Adjournment.

A statement of facts which has been approved and certified to by the judge and filed, cannot, after the expiration of the term of court, be added to, or amended, by the trial judge.

**2. Venue—Proof of.**

Unless the record on appeal shows that the venue was proved, the judgment will be reversed.

APPEAL from the District Court of Childress. Tried below before Hon. G. A. BROWN.

Appellant was indicted for the murder of one E. M. Bull, alleged to have been committed in Childress County, on the 28th day of November, 1894, by shooting him with a pistol. At his trial, he was convicted of manslaughter, the punishment being assessed at two years' imprisonment in the penitentiary.

In view of the disposition made of the case on this appeal, a statement of the evidence is not called for.

*Johnson & Fires*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The appellant in this case was convicted in the court below of manslaughter, and prosecutes this appeal. The only question necessary to be considered in the case is that of venue. The term of the court at which this case was tried ended on the 4th day of June, 1895, and before adjournment the court made an order allowing ten days within which to file a statement of facts. A statement of facts in this case was filed on the 12th day of June, 1895. On the 18th day of June, the judge, of his own motion, filed what purports to be a supplemental statement of facts, in which he states substantially: "My attention having been called to the failure of the original statement of facts, signed by me on the 11th day of June, 1895, and filed June 12th, 1895, to show the venue of said cause in Childress County, I hereby make and file this amended and supplemental statement, to-wit: 'Thomas Morrison and Henry Gordon, witnesses who testified on the trial of this cause, each stated as such witnesses, that W. R. Belcher's house, and the place where the dead body of E. M. Bull was found, was situated in Childress County, in the State of Texas;'" to which is added the certificate of the judge, signed on the 17th day of June, 1895. We have examined the original statement of facts filed in this case during the term, in order to ascertain if the venue of the case was proven, and the record fails to disclose that the killing of Bull occurred in Childress County. The only question for our consideration is, whether or not the court, after the expiration of the term, is authorized to add to or amend the statement of facts already filed, and a part of the record of the case. In our opinion he could not, and therefore the motion of the appellant to strike said supplemental statement of facts from the record in this case must be sustained. Hill v. State, 4 Tex. Crim. App., 562; Knight v. State, 7 Tex. Crim. App., 206; Gerard v. State, 10 Tex. Crim. App., 690; Deitz v. State, 43 Texas Rep., 371. There being no venue proved in this case, the judgment of the lower court is reversed and the casue remanded.

*Reversed and Remanded.*

DAVIDSON, Judge, absent.