## J. H. CARTER v. THE STATE.

No. 1056. Decided March 22, 1911.

**1.—Forgery—Indictment.**

Where, upon trial of forgery, the check set out in the indictment was made payable to bearer, the court did not err in overruling a motion to quash because the indictment failed to set out explanatory averments as to who was meant by the "Abilene D. G. Co."

**2.—Same—Evidence—Bill of Exceptions.**

Where the defendant failed to reserve a bill of exceptions to the testimony, the same could not be considered on appeal.

**3.—Same—Evidence—Check.**

Where the defendant was shown to be the man who executed the alleged forged check, the court did not err in admitting the same in evidence.

**4.—Same—Charge of Court—Requested Instruction.**

Where the requested charge was included in the main charge, and another special instruction was on the weight of the evidence, there was no error in refusing same, as well as the one instructing the jury to find the defendant not guilty.

**5.—Same—Sufficiency of the Evidence—Fictitious Person.**

Where defendant went under a fictitious name and signed the same to the check alleged to have been forged, it did not devolve on the State to show that such name was fictitious; and if in fact there was such person it devolved upon defendant to show it.

Appeal from the District Court of Taylor. Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*King & Isaacs* and *H. N. Hickman,* for appellant.—Upon question of insufficiency of indictment: Carter v. State, 35 Texas Crim. Rep., 105, 31 S. W. Rep., 678; Carter v. State, 55 Texas Crim. Rep., 43, 114 S. W. Rep., 839; Sims v. State, 22 S. W. Rep., 876; Hutton v. State, 38 S. W. Rep., 209.

On question of insufficiency of the evidence: Roberts v. State, 53 S. W. Rep., 864; Williams v. State, 24 Texas Crim. App., 342, 6 S. W. Rep., 531.

On question of admitting the alleged forged check: Hutton v. State, 38 S. W. Rep., 209; Smith v. State, 34 Texas Crim. Rep., 265, 30 S. W. Rep., 236; Duad v. State, 34 Texas Crim. Rep., 460, 31 S. W. Rep., 376; Nasets v. State, 32 S. W. Rep., 698.

On question of the court's charge as to defendant's authority to sign such check: Ham v. State, 4 Texas Crim. App., 645.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the question of the sufficiency of the indictment: Forcy v. State, 131 S. W. Rep., 585; Edwards v. State, 53 Texas Crim. Rep., 50; Reeves v. State, 51 Texas Crim. Rep., 604; Murphy v. State, 49 Texas Crim. Rep., 488.

HARPER, JUDGE.—In this case the appellant was convicted of the offense of forgery, in the District Court of Taylor County, Texas, and his punishment assessed at two years confinement in the State penitentiary.

Appellant was indicted in this case, charged with forging the following instrument:

"Winters, Texas, 1/24/1910.
"The Winters State Bank.
"Pay to Abilene D. G. Co. or bearer, $16.75 (sixteen and 75/100 dollars).                    (Signed)    G. A. Brown."

The evidence is that defendant went into the store of the Abilene Drygoods Company and purchased some goods; that he told the clerk waiting on him that his name was G. A. Brown. That he gave the above check in payment of the goods. That he wrote the check for five dollars more than the goods he purchased, and in addition to the goods also received five dollars in money. That he signed the name of G. A. Brown to the check in the presence of the clerk, his real name being J. H. Carter. The evidence does not disclose whether or not there is such a person in existence as G. A. Brown. The appellant moved to quash the indictment on the ground that same was made payable to "Abilene D. G. Co. or bearer," in that there are no explanatory averments as to what was meant by "Abilene D. G. Co., and whether same was a partnership or corporation." The check being made payable to

bearer, the court did not err in overruling the motion to quash. Reeves v. State, 51 Texas Crim. Rep., 604; Forcy v. State, 131 S. W. Rep., 585.

2. In his motion for new trial defendant complains of the admissibility of the testimony of the witness Whaley. There is no bill of exception showing that defendant objected to this testimony, and in the absence of a bill we can not consider the objection.

3. The defendant also complains of the action of the court in admitting the check in evidence. The State proved that defendant signed the name of 'G. A. Brown to the check; that he delivered the same to Jolly, cashier of the Abilene Drygoods Company, in payment of goods purchased, and obtained five dollars in money thereon. The defendant being shown to be the man who executed the instrument, the court did not err in admitting it in evidence.

4. The defendant also complains of the action of the court in refusing the special instructions requested. The first was a peremptory instruction to find defendant not guilty. There was no error in refusing this instruction. The second special instruction was included in the main charge, while the third special instruction was clearly upon the weight to be given the testimony.

5. The next complaint is that the testimony is insufficient to support the verdict. That the State did not prove that G. A. Brown was a fictitious person, or that defendant did not have the right to sign G. A. Brown's name to the check. The evidence shows that he represented himself to be G. A. Brown; that he purchased the goods claiming to be such person, when in fact his name was not G. A. Brown, but his name was J. H. Carter. If he had authority to sign G. A. Brown's name to the check, if in fact there was such person, these facts were peculiarly in the knowledge of defendant, and he could easily have shown this fact. The State made its case when it proved that defendant's name was J. H. Carter; that he represented himself to be named G. A. Brown, and signed that name to a check, and obtained goods and money in that name. Johnson v. State, 35 Texas Crim. Rep., 272; Davis v. State, 34 Texas Crim. Rep., 117; Brewer v. State, 32 Texas Crim. Rep., 75.

The judgment is affirmed.

*Affirmed.*