## A. B. BOYD V. THE STATE.

### No. 2867.   Decided December 17, 1913.

Rehearing denied January 14, 1914.

**1.—Local Option—Misdemeanor—Practice on Appeal.**

In the absence of bills of exception to the refusal of the court to submit requested charges in a misdemeanor case, the same can not be considered on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to support the conviction, there was no error.

**3.—Same—Ex Parte Affidavits—Practice on Appeal.**

Where the statement of facts is agreed to by the counsel of both parties and approved by the trial judge, the same can not be impeached by ex parte affidavits.

Appeal from the County Court of Upshur.   Tried below before the Hon. W. H. McClelland.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Warren & Briggs,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

In Upshur County it is a misdemeanor to sell intoxicating liquors, the election having been held prior to the time that the law was amended making it a felony to sell intoxicating liquors in prohibition territory, and the record must be passed on as applicable to misdemeanors.

No special charge was requested, and no exception to the charge as given was reserved, consequently the complaints of the charge in the motion for a new trial can not be considered.  No exceptions were reserved to the introduction of testimony, therefore, the only ground in the motion we can take into consideration is the one complaining of the sufficiency of the testimony.  The witness Linnie Gibbs testified:  "Yes, I bought a pint of whisky from Mr. Boyd," and while his further examination might tend to weaken this statement, yet that was a question for the jury and not for us.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 14, 1914.

HARPER, JUDGE.—Appellant has filed a motion for a rehearing in this case, and undertakes to impeach the record, in that he attaches to his motion the affidavit of Lennie Gibbs, stating that he did not swear on the trial that he purchased a bottle of whisky from appellant. The statement of facts recites that Lennie Gibbs testified as follows: "Yes, I bought a pint of whisky from Mr. Boyd (appellant)." This statement of facts is agreed to by the county attorney and appellant's counsel, and approved by the county judge. This record can not be impeached by ex parte affidavits. If it is not a true recitation of the testimony heard on the trial, appellant's counsel should not have agreed to and signed it. If we permitted the record to be impeached by ex parte affidavits, there would be no end to the trial of a case. We must take the record as made on the trial of the case and certified to us.

The motion for rehearing is overruled.

*Overruled.*