### WILL LEWIS v. THE STATE.

No. 2997.   Decided February 4, 1914.

**1.—Local Option—Information—Date of Election.**

See opinion suggesting that it would save much trouble and the raising of many questions if the indictment or information would charge the day, month, and year on which the local option election was held.

**2.—Same—Statement of Facts—Law in Force.**

The statement of facts can not be added to or changed as the certificate of the trial judge is conclusive, and where it did not appear therefrom that local option was in effect and in force in the county of the prosecution, the cause must be reversed.

**3.—Same—Name of Purchaser.**

To avoid trouble and complications, the name of the purchaser of intoxicating liquors should be properly alleged.

**4.—Same—Agency—Charge of Court.**

Where, upon trial of a violation of the local option law, the question of agency was raised by the evidence, the court should have submitted the same as requested.

Appeal from the County Court of Hill. Tried below before the Hon. J. D. Stephenson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $35 and twenty days confinement in the county jail.

The opinion states the case.

*Collins & Cummings,* for appellant.—On question of agency: Lathan v. State, 160 S. W. Rep., 455; Rigsby v. State, 64 Texas Crim. Rep., 504; Givens v. State, 49 id., 267; Evans v. State, 55 id., 450; Golightly v. State, 49 id., 44; Williams v. State, 56 id., 19.

On question of variance of name of purchaser: Osborne v. State, 14 Texas Crim. App., 225.

*C. E. Lane,* Assistant-Attorney-General, for the State.

DAVIDSON, JUDGE.—The affidavit and information charge that on or about July 21, 1913, appellant "did then and there unlawfully sell intoxicating liquor to Walter Blackman, after the qualified voters of said County of Hill, Texas, had determined at an election, held in accordance with the laws of the said State of Texas, that the sale of intoxicating liquors should be prohibited in said Hill County," etc. It will be noticed the date of the election is nowhere stated. The sale is

alleged to have occurred on 21st day of July, 1913, long subsequent to the enactment of the felony statute as a punishment for violating the local option law. This question is raised but not in such way as can be considered in the light of the decisions of this court. These will be found collated in Nobles v. State, 71 Texas Crim. Rep., 121, 158 S. W. Rep., 1133. The writer would suggest that in view of the fact that local option may be punishable according to the time at which the election was held as a misdemeanor or felony, it would save much trouble and many questions if the indictment or information would charge the day, month and year on which the election was held. This would avoid complications. It would prevent those questions coming before this court on appeal. If the election was held subsequent to the passage of the felony statute, the County Court would not have jurisdiction; if the election was held prior to the passage of that law, the County Court would have jurisdiction, and it is well enough to avoid these complications by stating the date of the election.

The statement of facts fails to show that a local option election was held at any time, and in fact it is entirely silent as to whether or not local option was ever in effect. In this attitude of the record the judgment must be reversed. The statement of facts can not be added to or changed. The certificate of the judge is conclusive of the correctness of the statement of facts. Branch Crim. Law, 43.

There is another question, as to the name of the alleged purchaser. His real name is Blackburn. Some of the witnesses say he is sometimes called Blackmon or Blackman. To avoid any trouble of this sort it would be well enough to prepare new pleadings and charge the real name of the party.

The question of agency is raised in the case. The court failed to charge on it; exception was taken and a special requested charge refused submitting this issue. Upon another trial this charge should be given.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*