WALTER McCONNELL v. THE STATE.

No. 5187. Decided June 11, 1919.

**Passing Forged Instrument—Insufficiency of the Evidence—Forged Check— Statement of Facts—Affidavits.**

As statement of facts, after expiration of the time for filing, cannot be amended or changed and when the same failed to show that the alleged forged instrument was offered in evidence the conviction cannot be sustained, and this court cannot consider affidavits that the said instrument was in fact introduced in evidence. Following Boyd v. State, 72 Texas Crim. Rep., 452, 162 S. W. Rep., 850, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, and *J. Willis,* District Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County, of passing a forged instrument and his punishment fixed at two years confinement in the penitentiary.

From the record it is reasonably certain that appellant took a false check to the American Exchange National Bank of Dallas and handed it to R. C. Ferris, paying teller. Nothing was said by either party. Mr. Ferris did not accept the check as true and pay any money thereon, but stepped into another part of the bank and phoned for an officer. When he got back to his own window appellant was gone. This was the transaction. This evidence makes

out a case, if any of attempting to pass such forged instrument. Houston v. State, 59 Texas Crim. Rep., 505.

The alleged forged check was not introduced in evidence. This is reversible error. Muniz v. State, 59 Texas Crim. Rep., 365; Dovalina v. State, 14 Texas Crim. Rep., 312; Bobbit v. State, 59 Texas Crim. Rep., 314.

The Assistant Attorney General moved to strike out the Statement of facts. Same is a literal reproduction of the answers of the various witnesses and is not in strict accord with the narrative form contemplated by the statute, but we have considered the same.

For the error indicated, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

## ON REHEARING.

### June 11, 1919.

LATTIMORE, JUDGE.—This case was reversed because the statement of facts failed to show that the alleged forged check was introduced in evidence, and is before us at this time upon the State's motion for rehearing.

Appellant was convicted of attempting to pass as true a forged check. The judgment entered in the trial court showed appellant to be adjudged guilty of passing such instrument. We did not notice on the original hearing that there was a variance between the verdict and judgment. This, however, is immaterial. Affidavits are now filed in support of the State's motion for rehearing to the effect that the instrument upon which the prosecution was based, was in fact introduced in evidence. The statement of facts which appears in the record was agreed to by both parties and approved by the trial court. The uniform holding of this court has been that after the expiration of the time for filing, neither the trial court nor any one else may add to, amend, or change such statement of facts. Belcher v. State, 35 Texas Crim. Rep., 169; Cherke v. State, 59 Texas Crim. Rep., 508.

When the statement of facts fails to contain any fact essential to a conviction, a recital in the charge even that such fact is admitted, will not supply the omission. Treue v. State, 44 S. W. Rep., 829; Johnson v. State, 44 S. W. Rep., 834.

Ex parte affidavits will not be considered as attacking or assailing the correctness of the statement of facts. Lewis v. State, 73 Texas Crim. Rep., 16 163 S. W. Rep., 705; Boyd v. State, 72 Texas Crim. Rep., 452, 162 S. W. Rep., 850; Bigham v. State, 36 Texas Crim. Rep., 458; Arcia v. State, 28 Texas Crim. Rep., 200; Glass v. State, 15 Texas Crim. Rep., 403; Gorman v. State, 42 Texas,

221; Pickett v. State, 12 Texas Crim. App., 98. The statement of facts before us fails to show that the alleged forged instrument was offered in evidence. The parties to the record should examine the statement of facts and see that the same is correct before it leaves the trial court.

The motion for rehearing must be overruled.

*Overruled.*