## H. B. Wilson v. The State.

### No. 6979.  Decided May 31, 1922.

### Rehearing Denied June, 1922.

**1.—Forgery—Passing Forged Instrument.**

Where the indictment charged forgery and passing a forged instrument, and both counts were submitted and a general verdict rendered, there was no reversible error.

**2.—Same—Disqualification of Judge—Practice on Appeal.**

Where nothing appeared in the record on appeal which brings the trial judge, in the instant case, within any of the disqualifications, quoted in Article 617 C. C. P., there was no error in overruling appellant's motion to disqualify the trial judge.

**3.—Same—Postponement—Continuance.**

Where the application for postponement or continuance in no respect complied with Article 608, C. C. P., and was not made under oath, and did not state the facts expected to be proved by the absent witness, and defendant's statement that he was deprived of the privilege of issuing a subpoena by the absent witness was not certified, there was no error in overruling the motion.

**4.—Same—Evidence—Conversation—Fraudulent Intent.**

While the main state's witness was testifying, detailing what conversation with defendant he had with reference to the alleged forged check, defendant objected to him detailing such conversation, and it appeared that this testimony was clearly admissible to show fraudulent intent, there was no reversible error in overruling the objection.

**5.—Same—Evidence—Bill of Erceptions—Sufficiency of the Evidence.**

Where the bill of exceptions alleged that the State failed to prove that appellant had no authority to sign the check, but this was merely a ground of objection, and not a certificate of the trial judge, the same was insufficient; besides, the evidence showed that he had no authority, etc., and the evidence being sufficient, the conviction will not be disturbed.

Appeal from the Criminal District Court of Tarrant.  Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Myers & Myers,* and *Geo. W. Dayton,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *Jesse M. Brown.* District Attorney, for appellant.

HAWKINS, JUDGE.—Appellant was indicted, charged in the first count with having forged a check upon the First National Bank of Wichita Falls, payable to Albert C. Martin, for the sum of $2.40, signing the name of E. W. Wilson thereto; and in the second count with having passed the said instrument to Albert C. Martin. Both counts were submitted to the jury and upon a general verdict of guilty appellant was condemned to the penitentiary for a term of two years.

On August 22, 1921 appellant appeared in the office of Albert C. Martin in Ft. Worth and inquired for Jesse Martin a brother of Albert C. Martin. He was directed by Albert C. Martin where his brother could probably be found. After being gone a short time he returned, stating that he had not found Jesse Martin. He represented to Albert C. Martin that he (appellant) and Jesse Martin had been in school together; that appellant had a car broken down near Handley and needed two inner tubes; that he had the money to pay for one and needed $2.40 to. pay for the other; that he had wired to Wichita Falls for the money but was afraid to leave the car until he could get a reply. Upon these representations Albert C. Martin let him have $2.40, appellant executing the check heretofore mentioned. As appellant left the office he told Martin if he heard from the wire he would call back and see him. In a few days the check was returned unpaid. It developed upon the trial that appellant's name was *H. B.* Wilson and not *E. W.* Wilson; that Jesse Martin had not gone to school with him and did not even know him. No evidence was introduced by appellant showing that he had authority to sign the name of E. W. Wilson to the check, or that any such person existed, but evidence was offered to the effect that no one by the name of E. W. Wilson was known to the witnesses in and about Fort Worth where the transaction occurred.

Appellant had no attorney but undertook to represent himself upon the trial, and for this reason was. permitted to proceed in a somewhat irregular way, as appears from the record. He made a verbal suggestion undertaking to disqualify the trial judge. It appears from the proceedings under such suggestion that the name of the trial judge appeared upon the back of the indictment as a witness, and also that he had been summoned as a witness. It further appears, however, that he knew nothing whatever about the facts in the case. During the proceedings appellant said it had been rumored that the judge himself had been defrauded by appellant, to which the court replied that the only thing that he knew about appellant was that he had made some representations to him that had afterwards been found to be untrue, but that he knew nothing about the facts in the case and had never seen the check in question; that he entertained no prejudice against appellant and had lost no money by the transaction to which appellant alluded; whereupon appellant said he would himself desire to use the judge as a witness, to which the judge replied that he would pass

upon that question when they reached it. The judge was never called by the State or appellant to testify. Article 617, C. C. P. provides:

"No judge or justice of the peace shall sit in any case in which he may be the party injured, or where he has been of counsel for the State or accused, or where the accused party may be connected with him by consanguinity or affinity within the third degree."

Nothing appears in the record which brings the judge in the instant case within any of the disqualifications in the article quoted. We have been unable to discover from the record any reason that would have made it proper for the judge to recuse himself.

Appellant made a verbal motion for a postponement in which he stated there were three witnesses which he desired to secure to testify in his behalf. The application in no respect complies with Article 608, C. C. P., relative to application for continuance. It was not made under oath, and it nowhere states what facts were expected to be proved by the witnesses. Appellant's statement that he had been deprived of the privilege of subpoenaing his witnesses without any fault or negligence on his part is not verified in any way and therefore can receive no consideration by us. It is only a ground of objection, not certified to by the trial court as a fact.

While Albert C. Martin was testifying appellant objected to him detailing what conversation appellant had with him and the representations made to him by appellant at the time the check was signed, on the ground that it had no bearing upon the check in question and was immaterial. This testimony was clearly admissible as it devolved upon the State to show fraudulent intent upon appellant's part at the time he executed the check. Most of the representations which he made were shown to have been false, and proof of these facts were available to the State as bearing upon the question of intent, and to support the State's contention that E. W. Wilson was a fictitious person.

Bill of exceptions number five contains practically all of the testimony of Albert C. Martin. The only ground of objection stated in the bill is that the State failed to prove that appellant had no authority to sign the check. This is merely a ground of objection and is not a certificate of the trial court that the State had failed to make such proof. Appellant did not testify himself and there was no proof offered by him that he had the authority to sign the name of E. W. Wilson to the instrument. His false representations as to the broken down car, and that he was a schoolmate of Jesse Martin, were admissible for the purpose of showing the fraudulent intent of appellant, and we think was a sufficiently strong circumstance to show that he did not have authority from anyone by the name of E. W. Wilson to sign that name to the check.

Appellant's sixth bill of exception is reserved to the action of the court in overruling the motion for new trial. The motion is simply

a formal one urging that the verdict was contrary to the law and the evidence. Appellant admitted upon the trial that his name was *H. B.* Wilson, and the other facts heretofore recited by us support the verdict.

Finding no error in the record which would call for a reversal, the judgment of the trial court is affirmed.

*Affirmed.*