D. W. McBride v. The State.

No. 7070.    Decided November 29, 1922.

Rehearing denied January 17, 1923.

1.—Forgery—Check—Evidence—Rule Stated.

In a prosecution for forgery, unless upon a proper predicate, the forged instrument is proved by secondary evidence, it is essential that the written instrument described in the indictment be introduced in evidence, and where the alleged forged check was no- so introduced the judgment must be reversed and the cause remanded. Following Bobbitt v. State, 59 Texas Crim. Rep., 315, and other cases.

2.—Same—Endorsement—Indictment—Practice in Trial Court.

Where the record showed that the injured party did not sign the alleged check, but that his name was endorsed upon same, the indictment should be so framed as to coincide with the evidence to that effect, as the endorsement was not a part of the check. Following Mettall v. State, 232 S. W., 316.

3.—Same—Rehearing—Statement of Facts—Alleged Check—Amendment.

Where the effect of the motion for rehearing, based on a certificate of the trial judge, affidavits of the district attorney, etc., is in effect a request that this court permit the amendment of the statement of facts originally sent to this court, the same cannot be considered. Following McConnell v. State, 85 Texas Crim. Rep., 409, and other cases.

Appeal from the District Court of Titus. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wilkinson & Cook,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

93 T. C.—17

MORROW, Presiding Judge.—Conviction is for forgery; punishment fixed at confinement in the penitentiary for two years.

The instrument is a check for six dollars, payable to D. W. McBride, or bearer. It is thus described in the indictment.

". . . the act of T. O. Johnson, which said false instrument in writing is to the tenor following, Windfield, Texas, 1/11/1921 The FIRST NATIONAL BANK 88-297. of Mt. Pleasant, Pay to D. W. McBride, or Bearer, $6.00/00 Six_____Dollars, C. M. McBride, D. W. McBride, T. O. Johnson."

No check was introduced in evidence; at least, it is not found copied in the statement of facts. In a prosecution for forgery, unless upon a proper predicate the forged instrument is proved by secondary evidence, it is essential that the written instrument described in the indictment be introduced in evidence. Bobbitt v. State, 89 Texas C. m. Rep., 315; Branch's Ann. Tex. Penal Code, Sec. 1413; Wilson v. State, 92 Texas Crim. Rep., 144, 243 S. W. Rep., 466. Such evidence as is found with reference to the instrument declared upon does not support the averments in the indictment, descriptive of the alleged forged writing. We gather from the statement of facts that T. O. Johnson did not sign a check but that his name was indorsed on the back of one. The indorsement was not a part of the check. Branch's Ann. Texas. Penal Code, Sec. 1397; Mettall v. State, 59 Texas Crim. Rep., 216, 232 S. W. Rep., 316. If it is the desire to prosecute for forging the name of the indorser, the indictment should be so framed as to coincide with the evidence to that effect.

The judgment is reversed and the cause remanded

*Reversed and remanded.*

ON REHEARING

January 17, 1923.

HAWKINS, Judge.—The original opinion will disclose that this case was reversed because the statement of facts failed to contain the alleged forged check. The State now files a motion for rehearing submitting in connection therewith the certificate of the trial judge and the affidavits of the district attorney and the court reporter to the effect that the check with the endorsements thereon was ·in truth and in fact introduced in evidence.

The effect of the motion is a request that this court permit the amendment of the statement of facts originally sent to this court. We do not doubt the correctness of the certificate of the trial judge nor of the affidavits in connection therewith relative to the check actually having been introduced in evidence. Notwithstanding this, we are not permitted to consider them. McConnell v. State, 85 Texas Crim. Rep., 409, 212 S. W. Rep., 498, is a case directly in point where the State was attempting to supplement the statement of facts upon the very issue involved in the instant case, but was denied that right. In

Gherke v. State, 59 Texas Crim. Rep., 508, the matter was presented from the other angle. In that case, the alleged forged check had been omitted from the record and for some reason appellant was seeking to supply the same. We quote the following from that opinion:

"After the statement of facts has been approved and the record made up we know of no rule of practice that will authorize parties to the case to add anything to the statement of facts. Here the appellant complains that the check was introduced in evidence but he omitted to have it copied in the statement of facts and he now asks that this omission be supplied by allowing the statement of facts to be amended so that said check may be incorporated. This can not be done. If the rule insisted upon in this case should obtain and this court would hold that this omission could be supplied, we would find ourselves confronted with the proposition that statements of facts could be amended after the record reached this court."

Upon the same proposition we cite Belcher v. State, 35 Texas Crim. Rep., 168, and Ratcliff v. State, 29 Texas Crim. App., 248. In several of the cases cited the authorities are collated and we make no extensive review of them at this time.

The State's motion for rehearing is overruled.

*Overruled.*