GEORGE SPENCE, ALIAS FRED HARDING, v. THE STATE.

No. 11592.   Delivered May 9, 1928.

**Forgery—Evidence—Forged Check—Not Introduced—Insufficient.**

Where, on a trial for forgery, the state failed to introduce the forged
check in evidence, the cause must be reversed and remanded.   Following
McBride v. State, 246 S. W. 394.

Appeal from the Criminal District Court· of Harris County.
Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction for forgery, penalty two years in
the penitentiary.

The opinion states the case.

*Hall Etter* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for forgery, punishment
two years in the penitentiary.

Our attention is challenged at the outset by appellant's insist-
ence that the alleged forged check was not offered in evidence.
Careful scrutiny of the statement of facts makes evident the
soundness of the contention.   McBride v. State, 246 S. W. 394.
The state contends in its brief that notwithstanding said check
does not appear in the statement of facts, that from same it
is made to appear that the check was introduced in evidence.
We are unable to agree to the statement.   The witness Fox—
the party to whom the check was passed—stated on the trial
that the check shown him was the check referred to, but neither
in connection with his testimony nor anywhere else is it stated
that such check was offered in evidence.   In connection with
the testimony of witness Francis it appears that he was shown
an instrument and asked to state whether it bore his signature
and stated that it did not.   These two witnesses were the only
ones introduced by the state in making out its case on direct

testimony. The defendant and his sister were his only witnesses. In the cross-examination of appellant he was asked relative to pleading guilty for passing two other checks, and testified that the handwriting on those two checks was not his. It is stated that he was shown another instrument and further swore that the handwriting on this was not his. In parenthesis at the end of this cross-examination of appellant appears the statement that in connection with the testimony of the defendant the state introduced in evidence "these two checks." It is perfectly patent that the state having just examined the witness in reference to two other checks, the expression in the parenthetical statement just mentioned, "these two checks," must have referred to the ones about which appellant was interrogated as relating to some other transactions than the one here under investigation. As far as we have been able to find, the rule laid down in McBride v. State, supra, has been uniformly adhered to by this court.

For the failure of the record to show that the check was introduced in evidence, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*