E. G. GAMMILL v. THE STATE.

No. 19317. Delivered January 19, 1938.

490

The opinion states the case.

*E. G. Gammill,* in pro. per.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was charged by indictment with having passed a forged instrument to Kathleen Coe. The instrument in question was a check drawn on the First National Bank of Beaumont, Texas, payable to E. M. Wilson, for the sum of $18.00, purporting to have been signed by one J. W. Shaw, and endorsed on the back "E. M. Wilson." It was specifically charged in the indictment that the forged part of the instrument was the endorsement aforesaid. It was further alleged in the indictment that appellant had been previously convicted of certain felonies less than capital, which if proven, brought appellant under the habitual criminal statute. (Art. 63, P. C.).

The jury found appellant to be guilty of passing the forged instrument in the instant case, and also that he had been convicted of the prior felonies set out in the indictment, whereupon the court entered judgment against appellant, fixing his punishment at confinement in the penitentiary for life under the habitual criminal statute mentioned.

This is the second appeal. The opinion on the former one is reported in 102 S. W. (2d) 229. The judgment was reversed because of a bad indictment. That defect has been remedied.

No bills of exception appear complaining of any procedural matter, but we regret that an examination of the statement of facts reveals a defect which makes a reversal of this judgment imperative. It has been the consistent holding of this court that the alleged forged instrument, if available, must be introduced in evidence. See McBride v. State, 93 Texas Crim. Rep., 257, 246 S. W., 394; 19 Tex. Jur., Sec. 49, page 861, and cases therein cited. We find in the statement of facts what purports to be a photostatic copy of the face of the check, but it bears no endorsement whatever. The endorsement of Wilson's name was averred to be the forgery and the written instrument introduced in evidence reveals no such transaction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*