**Lafayette Cornelius THOMAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40553.**

Court of Criminal Appeals of Texas.

July 26, 1967.

D. C. Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Roland H. Hill and Gordon Gray, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is forgery; the punishment, two years in the Department of Corrections.

Jury was waived and trial was had before the court on December 5, 1966.

State's witness, Robert C. Moore, testified that on the day in question, he was employed as a department manager for R. E. Cox and Company, when a person whom he identified as the appellant entered the store and purchased a man's suit for over $85.00. Payment for the suit was made through the use of a charge-a-plate bearing the name of Earl A. Gillis and a charge ticket to which appellant signed the name of Earl A. Gillis. Upon checking with the credit department, an ascertainment was made by Moore that the charge-a-plate was not "in possession of its owner, that Mr. Gillis passed away." The appellant left the store and was followed and apprehended by the store manager and store security officers. Upon his apprehension he relinquished the charge-a-plate and several other credit cards bearing the name of Earl A. Gillis.

Mrs. Earl A. Gillis testified for the State that her husband had "passed away" approximately twelve years ago, but that she had continued to use the credit cards. She further testified that on the day in question, the charge-a-plate and credit cards found in appellant's possession had been stolen from her purse while she was in a store at another location, and she testified that she had not given the appellant permission to use the same.

The appellant did not testify or offer any evidence in his behalf.

Appellant's only ground of error urged in argument before this Court is that the State did not sustain its burden of proving that Mr. Gillis had not given permission for him to use the charge-a-plate. He relies on Turner v. State, 146 Tex.Cr.R. 474, 176 S.W.2d 327, wherein the Court stated that "it was incumbent upon the State to prove that the name of C. M. Wilson was signed to the check in question without lawful authority."

In that case the State had a witness, C. M. Wilson, available who could have testified that he had not given the appellant authority to sign his name if such had been the case. The Court stated that "When the State has witnesses available by whom it might prove a necessary fact and fails to do so, such fact will be construed most strongly against it."

In the case at bar, Mrs. Gillis testified that she had not given appellant permission to use the charge-a-plate, and, Mr. Gillis being deceased, other testimony as to appellant's authority to use the charge-a-plate was not available to the State. In such cases we feel that the better rule is that set out in Carter v. State, 61 Tex.Cr.R. 609, 136 S.W. 48, wherein the Court stated, "If he had authority to sign G. A. Brown's name to the check, if in fact there was such a person, these facts were peculiarly in the knowledge of defendant, and he could easily have shown the fact. The state made its case when it proved that defendant's name was J. H. Carter; that he represented himself to be G. A. Brown, and signed that name to a check, and obtained goods and money thereon in that name."

Appellant in the case at bar offered no proof that he had authority to use the

**400**

charge-a-plate. We overrule appellant's contention.

Finding no reversible error, the judgment is affirmed.