**Joe Lee WARE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44267.**

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Rehearing Denied Feb. 9, 1972.

---

Milton E. Douglass, Jr., Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Jim Ahlstrand, Asst. Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is attempting to pass a forged instrument; the punishment, four (4) years. The record reflects that the appellant entered the Village Grocery Store, 4047 Burkburnett Road, Wichita Falls, Texas, on January 3, 1970. He then presented a check, payable to Ronnie J. Anderson, signed "Big John's," which had been drawn on the First Wichita National Bank for $42.50, to Johnnie Thomas Morley, co-owner and manager of the store. He presented a Selective Service Card in the name Ronnie Joe Anderson and asked, in reference to the check, "Can you handle this for me?" Mr. Morley responded he could handle the check if there was sufficient money in the bank to cover it. Morley then telephoned John McMillan, co-owner and manager of Big John's Liquor Store, to verify the check. McMillan told Morley that he knew of no check issued in the name of Ronnie J. Anderson and told Morley to detain appellant, that he would call the police department. Morley instructed appellant to wait for a return call from Big John's. Shortly thereafter, when appellant began to leave the store, Morley displayed a pistol from under the counter and told appellant to wait; appellant complied. An employee in the store then also telephoned police, who arrived shortly and took the appellant from the store.

In four separate grounds of error, appellant alleges the trial court erred in

failing to grant his motions for instructed verdict and a new trial. Appellant first contends that the State failed to prove or offer any evidence to establish that the alleged offense was committed in Wichita County, Texas.

Morley testified that his store, where the check was attempted to be passed, was in Wichita County.

Appellant's first ground of error is overruled.

In his second ground of error appellant asserts that the evidence was not sufficient to show that the instrument in question was forged and that it was not shown that the instrument was not a valid negotiable obligation.

■ The evidence adduced at trial indicated that the check that appellant attempted to pass to Morley was one of several personalized checks belonging to the liquor store which were missing and unaccounted for. Further, the testimony revealed that the check in question bore neither the signature of John McMillan or his partner, Mr. M. W. Oliver, and that the signature "Big John's" was not used in the course of their business. Further, there was some indication that the bank was not authorized to honor a check signed in such a manner.[1] McMillan testified that a personalized check protector was used on all the liquor store's checks. The check in question had not been embossed or imprinted by the liquor store's check protector. At the time appellant attempted to pass the check, he presented a Selective Service Card belonging to Ronnie Joe Anderson for the purpose of identification. Anderson testified that his Selective Service Card had been stolen prior to the date of the instant offense, that he did not know appellant and that he had not given the card to the appellant. Further, McMillan testified that his records revealed no check

had been issued to Ronnie J. Anderson. The evidence was sufficient to sustain the jury's finding that the instrument was forged. In testing the sufficiency of the evidence this Court ascertains only whether there is any evidence that, if believed, shows the guilt of the accused. Peterson v. State, 248 S.W.2d 130 (1952).

Appellant's second ground of error is overruled.

In his third ground of error appellant alleges that the State failed to prove that the defendant knew that the instrument in question was forged. The fact that appellant offered the forged check in question, made out in a name other than his own, is sufficient to warrant the jury's conclusion that he knew the check was a forgery when he attempted to pass it. Castanuela v. State, Tex.Cr.App., 435 S.W.2d 146 (1968); Hilton v. State, Tex.Cr.App., 443 S.W.2d 843, 844 (1969); Fifer v. State, Tex.Cr.App., 451 S.W.2d 757, 758 (1970).

Appellant's third ground of error is overruled.

■ Appellant's ground of error number four complains of the admission of testimony regarding the theft of Ronnie Anderson's Selective Service Card several weeks prior to the immediate offense. It is urged on appeal that this testimony related to an extraneous and uncharged offense and was so prejudicial that it necessitates reversal. The evidence was admissible and no error was shown. See Thomas v. State, Tex.Cr.App., 417 S.W.2d 398 (1967).

Appellant's fourth ground of error is overruled.

■ We next deal with appellant's alleged error number five wherein complaint is again made of failure of the trial court to sustain the defendant's motions for in-

---

1. This Court has stated that where a defendant has authority to sign a check, or present one, it is peculiarly within his knowledge and could be easily shown at the trial. Thomas v. State, 417 S.W. 2d 398 (1967); Carter v. State, 61 Tex. Cr.R. 609, 136 S.W. 47 (1911).

structed verdict and new trial on the ground that it was not proved that the forged instrument was passed by the defendant. Article 996, Vernon's Ann.P.C., under which appellant was prosecuted proscribes not only the passing of a forged instrument as true, but also the attempted passing of such an instrument. It is not incumbent upon the State to prove acceptance of the forged instrument. McConnell v. State, 85 Tex. Cr.R. 409, 212 S.W. 498 (1919); see also Tarwater v. State, 160 Tex.Cr.R. 59, 267 S.W.2d 410 (1954).

Appellant's fifth ground of error is overruled.

■ Appellant's ground of error number six relates to hearsay evidence. Complaint is made of the trial court's overruling of appellant's objections to the testimony of John Morley regarding statements made to him by John McMillan. The record reflects the following colloquy on direct examination of witness Morley by the State:

"Q Did you complete your telephone call to Big John's?

"A Yes.

"Q Who did you talk with there?

"A Mr. John McMillan.

"Q *Without telling the Court and Jury what was said in the telephone conversation,* please tell the jury, after you completed your telephone call, what did you do at that time, after you had completed your telephone call?

"A I told the defendant that Big John was going to call me back."

On cross-examination appellant's counsel asked whether the witness, Morley, had in fact called Big John's, whether he was "right there in front of the appellant," and whether he had asked for John McMillan. He then asked the following questions:

"Q Okay, six feet. This man is six feet away and you are talking over the telephone. Did you ask Big John if this check was any good, or whoever was out there? Did you ask him if that check was any good?

"A No, sir.

"Q You didn't even ask him that?

"A No, sir."

Article 38.24, Vernon's Ann.C.C.P., states:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

The questioning by appellant as to what was or was not included in the conversation precludes his complaint upon appeal where the State inquired in greater detail as to the same conversation. Wilburn v. State, Tex. Cr.App., 418 S.W.2d 832 (1967).

Further, by virtue of the fact that McMillan testified at the trial, any information which could have been asserted to have been both hearsay and harmful was properly elicited from the other party to the conversation. Younger v. State, Tex.Cr.App., 457 S.W.2d 67 (1970); Hart v. State, Tex. Cr.App., 447 S.W.2d 944 (1969).

Appellant's sixth ground of error is overruled.

■ Appellant's last ground of error relates to two separate and distinct remarks of the prosecutor. This is not a proper presentation under Art. 40.09, subd. 9, V.A. C.C.P., Rae v. State, Tex.Cr.App., 423 S.W. 2d 587.

The judgment is affirmed.