CHARLES F. GHERKE v. THE STATE.

No. 535. Decided April 19, 1910.

Rehearing denied June 1, 1910.

1.—Forgery—Practice on Appeal—Statement of Facts—Amendment.

After the record is made up upon an appeal, and after the statement of facts has been approved and filed, the same can not be amended.

2.—Same—Amendment of Statement of Facts.

Where, upon an appeal from a conviction of forgery, the appellant complained that the check introduced in evidence was by inadvertence left out of the statement of facts, and offered to amend the same by allowing the omitted instrument to be supplied. Held the same can not be allowed.

3.—Same—Evidence—Alleged Forged Instrument.

Where, upon appeal, the statement of facts alleged that the State offered the check in evidence, the cause can not be reversed on the ground of variance between the check set out in the indictment and that offered in evidence, by allowing appellant to amend the statement of facts and showing such variance.

Appeal from the District Court of Tom Green. Tried below before the Hon. J. W. Timmins.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Anderson & Dumas* and *Ike D. White,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was tried and convicted in the court below of the offense of forgery and his punishment assessed at two years confinement in the penitentiary.

The transcript of the record was filed in this court on February 25, 1910. On the 5th day of April, 1910, appellant filed a motion for writ of certiorari in this court complaining that the record was incomplete in that through mistake and inadvertence of both the State and defendant, as well as mistake and inadvertence of the official stenographer who prepared the statement of facts, the forged check was not set out in the statement of facts, and prayed for the writ. This writ was granted. In answer to said writ the clerk has sent to this court a check purporting to have been executed by Arthur A. Smith, and payable to Charles F. Gherke for $19, and drawn on the First National Bank of El Paso, Texas. No certificate of the clerk accompanies the check. Nothing showing that this was the check that was introduced in evidence upon the trial of the case. However, the view that we take of this case is that appellant can not, after the record is made up and after the statement of facts have been approved, have the statement of facts amended. An Act of the Thirty-first Legislature provides that a defendant appealing in a criminal case shall have thirty days after the adjournment of court in which to file and prepare a statement of facts. On an inspection of the statement of facts in this case which was approved and filed in the court below on the 26th day of January, 1910, this statement is found: "State offers the check in evidence." After the statement of facts has been approved and the record made up we know of no rule of practice that will authorize parties to the case to add anything to the statement of facts. Here the appellant complains that the check was introduced in evidence but he omitted to have it copied in the statement of facts and he now asks that this omission be supplied by allowing the statement of facts to be amended so that said check may be incorporated. This can not be done. If the rule insisted upon in this case should obtain and this court would hold that this omission could be supplied, we would find ourselves confronted with the proposition that statements of facts could be amended after the record reached this court. Suppose A has appealed from a conviction; B is an important witness in the trial of the case, and in making up the statement of facts B's testimony is omitted entirely from the statement of facts. Would A, after the statement of facts had been approved and the record filed in this court, be permitted to have the statement of facts corrected and the testimony of B incorporated therein? We answer no. Appellant made a motion in the court below both for new trial and in arrest of judgment on the ground that there was a variance between the check set out in the bill of indictment and that offered in evidence. There is nothing in the record that would advise us as to whether this contention is correct or not. The statement of facts shows that the check was introduced in evidence, and we must assume that the check as described in bill of indictment was the one introduced in evidence. It was not set out in the statement of facts and the same

can not be supplied after the record has been made up and filed in this court. This is the only point in the contention of appellant in this case, and finding no error in the record and nothing in the Code of Criminal Procedure that would authorize the amendment of the statement of facts after it is filed in this court, the motion to correct will be denied and the judgment affirmed.

*Affirmed.*

### ON REHEARING.

### June 1, 1910.

McCORD, Judge.—At a former day of this term of court the judgment in this case was affirmed. Appellant has filed a motion for rehearing on the ground that this court was in error in holding that the record shows that the alleged forged instrument was introduced in evidence. After a careful review of the case and on inspection of the statement of facts, we will adhere to our former holding that the statement of facts does disclose that a check was introduced in evidence on the trial of the case. In appellant's motion for rehearing it is contended that this court in reaching the conclusion that a check was introduced in evidence, considered a supposed admission made by the appellant in his application for a writ of certiorari. It may be that some language in the opinion has misled counsel in this respect. In the original opinion we stated that the appellant in his application for the writ complained that the forged check that was introduced in evidence was not set out in the statement of facts. The opinion should have stated that the alleged forged check was not set out in evidence and that the check that was introduced was different from the one set out in the bill of indictment. This statement, however, on the part of the court, while inaccurate, was wholly immaterial, and it was not intended by this court to hold that appellant would be bound by any admission or statements that he may have made in his motion for writ of certiorari or in any papers that he may have filed in this court. We simply intended to hold and we reiterate here that after a case has been appealed to this court that no portion of the statement of facts can be stricken out, nor can any supposed omission in the statement of facts be supplied by adding to the original statement of facts some fact that is supposed to have been introduced in the lower court, and that was all that was intended to be held on the question. Being still of the opinion that there was no error in the case, the motion for rehearing is ordered to be overruled.

*Overruled.*