### GORDON DAVIDSON V. THE STATE.

No. 11335.   Delivered February 8, 1928.

Rehearing denied State March 28, 1928.

**1.—Murder—Requested Charge—On Exculpatory Statements of Accused—Properly Refused.**

Where, on a trial for murder, statements made by appellant were introduced in evidence, some of which were exculpatory, and some incriminating, there was no error in refusing to charge the jury that the state must disprove the exculpatory statements. See Harris v. State, 28 S. W. 206, and Pickens v. State, 86 Tex. Crim. Rep. 660.

**2.—Same—Charge of Court—On Circumstantial Evidence—Rule Stated.**

Where the accused has confessed to the crime it is never necessary to charge on circumstantial evidence, such charge being applicable only when the state relies for a conviction alone upon circumstantial evidence, but in case it clearly appears that there is a doubt about the matter the court should charge on circumstantial evidence. See Tillman v. State, 225 S. W. 165; Trejo v. State, 74 S. W. 546, and Branch's P. C., 1874.

3.—Same—Charge of Court—On Insanity—Burden of Proof—Erroneously Refused.

Where the record shows a judgment of insanity having been rendered against the defendant, such condition is presumed to exist until the contrary is shown. This being true, it became the duty of the court to charge the jury that the burden of proving the sanity of appellant at the time of the commission of his alleged act, was upon the state, and that from and after the judgment of lunacy, appellant was presumed to be insane, until the contrary was shown by the evidence. See Yantis v. State, 95 Tex. Crim. Rep. 541; Witty v. State, 69 Tex. Crim. Rep. 125, and Morse v. State, 68 Tex. Crim. Rep. 352.

4.—Same—Continued.

"In Texas the rule is, that where insanity is once shown to exist as by a judgment of court, the presumption is that insanity continues, and the burden of proof is on the state to show otherwise, and the jury must be so informed." See Morse v. State, 68 Tex. Crim. Rep. 352; Wooten v. State, 51 Tex. Crim. Rep. 428, and authorities therein cited.

5.—Same—Continued.

The state was not concluded by such judgment, and same only raised a presumption of insanity which could be rebutted by evidence of appellant's sanity at the time of the commission of the offense. See Hunt v. State, 33 Tex. Crim. Rep. 252, and authorities, supra.

ON REHEARING BY STATE.

6.—Same—Insanity—Burden of Proof—Rule Stated.

In ordinary cases the burden of supporting a plea of insanity is put upon the accused, and he must show that he was insane, at the time by a preponderance of the evidence, but this burden shifts in case there has been an unvacated adjudication of insanity against him prior to the time of the alleged offense, and in such case the court should tell the jury that the state must prove, beyond a reasonable doubt, that at the time of the commission of the offense the accused was sane.

7.—Same—Statement of Facts—On Appeal—Cannot Be Amended.

The uniform holding in this state seems to be that after the statement of facts has been agreed to, certified and filed. same cannot be amended. See Stephens v. State, 10 Tex. Crim. App. 120, and other cases cited on rehearing.

Appeal from the District Court of Denton County. Tried below before the Hon. Alvin C. Owsley, Judge.

Appeal from a conviction for murder, penalty eleven years in the penitentiary.

The opinion states the case.

*Robt. H. Hopkins* and *Sullivan, Speer & Minor,* for appellant.

*Earle Street,* Assistant County Attorney, Denton County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense murder, penalty eleven years in the penitentiary.

Appellant and deceased were carpenters and apparently on very friendly and intimate terms prior to the death of deceased. On the afternoon before the tragedy that night they began drinking together and in company with a third party went to Fort Worth after more liquor. On leaving, a single-barreled shotgun was put in the car by deceased. They returned that night alone and deceased was found dead by the roadside on what is known as the old Fort Worth and Denton highway, a few miles out of Denton. The car at the time was headed north, its right wheels in the ditch on the east side of the road. The appellant's body was found lying on its back with one foot about even with or slightly under the west running-board of the car, the head pointed west, with a single wound about under the right nipple, ranging very slightly upward. The clothes were powder-burned and the entrance to the wound slightly so. The gun was found with the stock on the bottom of the front car seat, the trigger down, no trigger guard on the gun, with the barrel protruding over the west end of the seat a few inches and with an exploded or discharged shell in the gun. The deceased and the appellant were both shown to be drunk that night a short time before the tragedy. A shot was heard by those living nearby and in a few minutes the appellant appeared and made a statement.

According to the state's witness, Edwards, appellant at that time and place said in substance: "That V. D. Smith (deceased) was dead and asked us to go over there. Then he asked to be taken home, that he was drunk. He first said he killed him, then he told us, 'No, boys, I didn't kill him but there is others did.' * * * Then he told us, said he had not been with him, had not saw him for three or four days. He was staggering along in a fast walk. He asked us which direction the railroad was. We told him the railroad was east. When he left he went south and ran into a fence. He told us Smith was killed because he had turned in too many." Witness said he was talking in kind of a rambling way, a wandering kind of way. At one time he said he killed him, at another time he said he didn't know who killed him, and then at another time he said others did.

Another witness present at this conversation testified that appellant said that deceased used his own judgment and killed himself.

Appellant was found by the officers a short time after the above conversation drunk and asleep by the side of the road. No third parties witnessed the tragedy.

The record shows that appellant was tried and adjudged a lunatic in January, 1924; was thereafter confined in a lunatic asylum for a short time; was furloughed, and afterwards, about August, 1924, was discharged from the asylum. This killing is alleged to have happened in October, 1926.

Appellant complains in substance that the court failed to charge the jury that the burden was upon the state to disprove the exculpatory statements introduced by the state quoted above. The court charged fully upon all the defensive matters contained in said exculpatory statements and required the jury by his charge to believe beyond a reasonable doubt that appellant killed deceased. There is circumstantial evidence apart from appellant's statements to connect him with the killing and to show that he fired the fatal shot. The state was not forced to rely wholly or even in most part upon the statements of appellant to connect him with the tragedy. Under these circumstances the court did not err in not giving to appellant the benefit of the suggested charge. A somewhat similar state of facts was before the court in Harris v. State, 281 S. W. 206, where the question was analyzed and a rule announced applicable, we think, to the present case. See also Pickens v. State, 86 Tex. Crim. Rep. 660.

Further complaint is made by appellant because the court failed to charge upon circumstantial evidence. Where there has been a direct confession to the killing it is never necessary to charge upon circumstantial evidence. Tillman v. State, 225 S. W. 165. Branch's P. C., Sec. 1874. A charge upon circumstantial evidence in this case would have to be based upon an assumption that appellant's statements did not amount to a confession. In such case the court would charge the jury that the state's case was one of circumstantial evidence, thus in effect stating to the jury that, in the opinion of the court, appellant's statements did not connect him directly with the killing. This would be an unwarranted assumption on the court's part. The statements, it is true, are contradictory and it may be very plausibly argued that they were but the vaporings of a drunken brain, but, after all, we think this was a question for the jury under the peculiar facts of this case and not for the court. It might be that upon a fuller development of the facts these

statements were so interwoven and their background such as not to amount to a confession, or at least not so clearly so as to justify a refusal of a charge on circumstantial evidence.   In case it clearly appeared that there was a doubt about the matter, the court should charge on circumstantial evidence.   Trejo v. State, 74 S. W. 546.   The record is somewhat unsatisfactory, but in its present condition we do not feel warranted in holding that the court would have a right to assume that there was no proven confession.

There was abundant evidence of insanity.   The court charged the jury that the burden of proving insanity was upon the appellant.   He refused to charge that the burden was upon the state to prove sanity and that the record having shown a judgment of insanity, such condition was presumed to exist until the contrary was shown.   Every man is presumed to be sane until the contrary is proven.   It appears from the record that the court having jurisdiction entered its judgment that appellant was insane in January, 1924.   This was *res adjudicata* of his mental status at that time and overcame the presumption of sanity theretofore existing and its effect was to create a presumption of insanity from that time forward until the contrary appeared.   It was a rebuttable presumption, however, that could be met, as it was in this case, by proof of his discharge from the asylum and by the evidence of the physician in charge of the appellant at the asylum where he was confined.   However, this evidence does not have the effect of entirely annulling and abrogating the judgment theretofore rendered so as to again create a presumption of sanity and was but evidence of a changed mental status to be considered by the jury along with the other facts in the case in passing on appellant's sanity at the very time of the alleged criminal act.   It was shown that the judgment of lunacy had in nowise been vacated or annulled and was in full force and effect at the time of the trial.   This being true, it became the duty of the court, under all the Texas authorities, to charge the jury that the burden of proving the sanity of appellant at the time of the commission of his alleged act was upon the state and that from and after the judgment of lunacy appellant was presumed to be insane until the contrary was shown by the evidence.   Yantis v. State, 95 Tex. Crim. Rep. 541; Witty v. State, 69 Tex. Crim. Rep. 125; Morse v. State, 68 Tex. Crim. Rep. 352.

"An adjudication of insanity substitutes for the presumption of sanity a presumption of insanity which is presumed to continue until the contrary is shown."   32 C. P., p. 646.

"In Texas the rule is that where insanity is once shown to exist as by a judgment of the court, the presumption is that insanity continues, and the burden of proof is upon the state to show otherwise and the jury must be so informed." Morse v. State, 68 Tex. Crim. Rep. 352; Wooten v. State, 51 Tex. Crim. Rep. 428, and authorities therein cited.

The further rule is that if a recovery or a lucid interval is alleged to have occurred, the burden of proof of such allegation is upon the party making it. Morse v. State, 68 Tex. Crim. Rep. 352.

What has been said above disposes of appellant's contention that the testimony of Dr. Castner, the asylum physician, to the effect that appellant was sane when he left the asylum, was inadmissible to contradict the judgment of lunacy. The burden having been cast upon the state to prove appellant's sanity, the testimony of this witness or any other of like character would be admissible to prove this issue. The state was not concluded by such judgment and same only raised a presumption of insanity which could be met by evidence of this character. Hunt v. State, 33 Tex. Crim. Rep. 252, and authorities, supra.

For the error above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — It seems well established by the authorities of this state as to not admit of controversy, that when at some time prior to the commission of the offense, the accused has been adjudged insane by a court of competent jurisdiction, which is not shown to have been set aside or legally vacated in any way, this shifts the burden of proof from the defendant to the state in regard to insanity. Under all the authorities, when one charged with crime seeks to defend upon the ground of irresponsibility by reason of insanity, the final test is whether or not the accused was so mentally deranged at the time of the commission of the alleged offense as not to know the right from the wrong in the particular transaction, and that it is a thing he ought not to do. While this is true,

it seems also universally recognized that because of the presumption of sanity in ordinary cases, the burden of supporting a plea of insanity by one who interposes it, in such ordinary case, is put upon the accused, and he must show by a preponderance of evidence that he was insane at the time—but this burden shifts in case there has been an unvacated adjudication of insanity against him prior to the time of the alleged commission of such offense, and in such case the court should tell the jury that the state must prove beyond a reasonable doubt that at the time of the commission of the offense the accused was sane, etc.   The shifting of this burden of proof may be a matter of value to the accused, and he is entitled to whatever benefit may arise by reason thereof.

We are not permitted under all the authorities to allow either the appellant or the state to amend a statement of facts on appeal.   The uniform holding in this state seems to be that after the statement of facts has been agreed to, certified and filed same cannot be amended.   Stephens v. State, 10 Tex. Crim. App. 120; Belcher v. State, 35 Tex. Crim. Rep. 168; Brande v. State, 45 S. W. 17; Gherke v. State, 59 Tex. Crim. Rep. 508; McBride v. State, 93 Tex. Crim. Rep. 257; Edwards v. State, 98 Tex. Crim. Rep. 47; Hurd v. State, 99 Tex. Crim. Rep. 388. This prevents our considering the matters brought forward by affidavit by the appellant in connection with this motion, and intended to supply part of the judgment of conviction which was omitted by the court reporter in preparing the statement of facts.   However, we are unable to bring ourselves to believe that there is not in the record already sufficient evidence that a regular judgment of lunacy was entered against appellant at a time prior to the commission of this alleged offense, and that there is not such evidence here that same has been set side, or in any way vacated, as to absolve the trial court from charging the jury that the burden of proof was upon the state to show beyond a reasonable doubt the sanity of the accused at the time of the alleged homicide.

Being unable to agree with the state's contention, the motion for rehearing will be overruled.

*Overruled.*