### Ex Parte G. E. Kennedy.

No. 16792. Delivered May 9, 1934.
Motion to Reinstate Denied June 29, 1934.

The opinion states the case.

*A. A. Long* and *Jno. C. Harris,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Appellant herein filed a motion for rehearing. In considering same our attention has been called to the fact that as far as the record before this court reveals, this case originated in the County Criminal Court of Dallas County, in which, upon conviction, appellant was fined twenty-five dollars for a violation of a zoning ordinance. In section 239 of his Annotated P. C., Mr. Branch cites numerous authorities, and there are many others, holding to the same proposition,—that the writ of habeas corpus can not be resorted to take the place of an appeal. In his brief appellant makes some reference to the fact that since his fine does not exceed one hundred dollars, he can not come to this court by appeal. We know of no such law except in cases originating in an inferior court and from conviction in which on appeal the case was taken to a county court. If such was the case in the matter before us, the record is wholly devoid of any showing thereof. The only thing remotely suggesting such proposition is in the judgment of the County Criminal Court appearing in this record, wherein is the statement "(Violating Zoning ordinance—city appeal)." This means exactly nothing. There is no transcript in the record showing that the County Criminal Court obtained jurisdiction other than by the filing therein of the complaint. This court can not presume juris-

diction in order to give or refuse a hearing. We are necessarily governed by the record which is filed in the office of our clerk. One who is convicted in the County Criminal Court of Dallas County, in any case which originates there, regardless of the amount of fine, may bring his direct appeal to this court.

Believing that appellant has misconceived his remedy, which should have been by appeal, and that we were in error in considering the matter at all, our original opinion will be withdrawn, and the appeal dismissed, and it is so ordered.

*Dismissed.*

ON MOTION TO REINSTATE

HAWKINS, JUDGE.—It appears from the record now before us that there has been an effort to amend the statement of facts after same was filed in this court. This cannot be permitted under the following authorities: McBride v. State, 93 Texas Crim. Rep., 257, 246 S. W., 394, and authorities therein cited. Hurd v. State, 99, Texas Crim. Rep., 388, 269 S. W., 439; Davidson v. State, 4 S. W. (2d) 74.

The motion to reinstate the appeal is overruled.

*Overruled.*