## GLADYS ROUNTREE v. THE STATE.

No. 17014. Delivered November 14, 1934.
Appeal Reinstated January 2, 1935.
State's Rehearing Denied February 6, 1935.

The opinion states the case.

*John J. Watts,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of twenty-five dollars.

It does not appear that notice of appeal was recorded in the minutes of the court as required by law. This should appear from the certificate of the clerk. Art. 827, C. C. P. The appeal must be dismissed. Wheeler v. State, 42 S. W. (2d) 69.

The appeal is dismissed. Appellant is granted fifteen days from this date in which to perfect the record.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

HAWKINS, JUDGE.—The appeal was dismissed at a former day of the term, the record at that time failing to show that notice of appeal had been entered in the minutes of the court. The record has been amended in that respect and the appeal is reinstated and the case will now be considered on its merits.

The third subdivision of article 1147, P. C., provides that an assault and battery becomes aggravated "when the person committing the offense goes into the house of a private family and is there guilty of an assault and battery." The prosecution in the present instance is predicated on the provision of the Code above referred to, and alleges that appellant "did go into

the house of a private family, to-wit: the house of George Amos, and did then and there in and upon Frances Amos commit an aggravated assault and did then and there strike Frances Amos with her hand."

We commend the attorneys for the State and appellant for the form in which the facts are brought before this court. Instead of setting out the evidence of the witnesses in detail they undertook to condense the facts as established. We feel, however, that by reason of their knowledge of the personnel of the parties involved that they failed to make the statement of facts sufficiently full to support the conviction. The agreed statement of facts shows that *Mrs. Amos* gave evidence to the effect that appellant came to her room and there struck her. It is apparent that whatever transpired occurred in a room in an apartment house, but nowhere in the agreed statement of facts does it appear that the room was one occupied by George Amos as alleged in the complaint and information, and neither does it show what relationship, if any, Mrs. Amos sustained to George Amos. The statement of facts does not even show that the *Mrs. Amos* who testified was the *Frances Amos* upon whom the assault was alleged to have been committed. It is apparent that in the state of the record indicated we can not permit the conviction to stand.

Two bills of exception appear in the record, but we deem it unnecessary to discuss them as the judgment must be reversed on account of the insufficiency of the evidence, and the matters which are made the subject of the bills will not likely occur upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is now made to appear, by agreement of both appellant and the State, that the statement of facts on file herein is not correct; that by order of the trial court a corrected supplemental statement of facts was filed on January 15, 1935, and same is here presented with the State's motion for rehearing. We would be glad to consider same, but are confronted by the plain provisions of our statute, supported by decisions almost without number,—that the statement of facts in all cases must be filed in the lower court within ninety days after notice of appeal, which statute would not be complied with if we attempted to consider the supplemental state-

ment of facts, the original statement of facts having been filed in this case in June, 1934.

As additional reason for declining to consider such statement of facts, attention is called to the fact that we have consistently held that this court is without power to permit the amendment of a statement of facts on file here. McBride v. State, 93 Texas Crim. Rep., 257; Hurd v. State, 99 Texas Crim. Rep., 388; Davidson v. State, 109 Texas Crim. Rep., 251, and authorities cited in opinion on rehearing; Ex parte Kennedy, 72 S. W. (2d) 915.

We think it should be here said that in none of the cases cited was it shown that correct statement of facts had been filed in the trial court within the ninety day period above referred to. If such showing had been made, and such statement had been properly brought here, we would likely consider same.

Under the facts in this case we can not consider the supplemental statement of facts, and the State's motion for rehearing will be denied.

*Denied.*