## J. P. WEEKS V. THE STATE.

No. 19272.   Delivered January 5, 1938.
State's rehearing denied February 23, 1938.

The opinion states the case.

*W. E. Myres,* of Fort Worth, and *A. C. Chrisman,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling whisky in a "dry area"; the punishment, a fine of $100.

We find in the statement of facts the following: "Both the State and the defendant agreed and admitted all the recitations in Volume 6 of the Commissioners' Court's minutes in regard to the liquor election held in Johnson County, Texas, on April 7, 1904, and said Volume 6 was introduced in evidence, as agreed by both the State and the defendant."

Referring to Volume 6, the county clerk testified as follows: "This volume recites herein the facts relating to a prohibition election which was held in Johnson County, Texas, on the 7th day of April, 1904. It contains something in regard to the election having been held on April 7, 1904."

There is nothing in the statement of facts to show that the election had resulted in the prohibition of the sale of intoxicating liquor, and that the result had been duly declared and published by the commissioners' court. Appellant's contention that, in the absence of such proof the evidence is insufficient to support the conviction, must be sustained. Green v. State, 101 S. W. (2d) 241; Humphreys v. State, 99 S. W. (2d) 600.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing, attached to which is a supplemental statement of facts supplying the omission from the one originally filed, which defects therein resulted in the reversal of the judgment. This subject has been before the Court frequently. In some instances the State would seek to amend the statement of facts and in others the appellant. It has been the consistent holding that a statement of facts could not be amended or supplemented by either party after the record has reached the appellate court. To permit it would do away with all orderly procedure. See Brande v. State, 45 S. W. 17; McBride v. State, 93 Texas Crim. Rep. 257, 246 S. W. 394 and cases therein cited; Hurd v. State, 99 Texas Crim. Rep. 388, 269 S. W. 439; Davidson v. State, 109 Texas

Crim. Rep. 251, 4 S. W. (2d) 74; Ex parte Kennedy, 126 Texas Crim. Rep. 653, 72 S. W. (2d) 915; Rountree v. State, 128 Texas Crim. Rep. 28, 78 S. W. (2d) 629.

The motion for rehearing is overruled.