## HOLMES v. STATE.
### No. 19791.

Court of Criminal Appeals of Texas.

Jan. 11, 1939.

For former opinion, see 120 S.W.2d 595.

Martin & Shipman, of Abilene, for appellant.

Otis Miller, Dist. Atty., of Anson, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The state, by its district attorney, has filed a motion for a rehearing in which it is contended that we erred in reversing the judgment of the trial court. After a most careful review of the record in the light of the state's motion, we remain of the opinion that the cause was properly disposed of on appellant's motion for a rehearing. This court must confine itself to the record and cannot decide cases upon affidavits and other matters dehors the record. If we attempted to do so, we would experience an endless task of trying to decide controversies between the state and the accused which were not supported by the record. See Weeks v. State, 134 Tex.Cr.R. 69, 113 S.W.2d 532; McBride v. State, 93 Tex.Cr.R. 257, 246 S.W. 394; Davidson v. State, 109 Tex.Cr.R. 251, 4 S.W.2d 74.

The state's motion for a rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## HODGES v. STATE.
### No. 20070.

Court of Criminal Appeals of Texas.

Jan. 4, 1939.

M. E. Gates, of Huntsville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at a fine of $100.

The record is before this court without statement of facts or bills of exception, in the absence of which nothing has been presented which would authorize a reversal of the conviction or require further discussion.

The judgment is affirmed.