

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Reginald Bracewell
District Attorney
Huntsville, Texas

Dear Sir:

> Opinion No. O-2872
> Re: Whether a judgment of conviction
> may be collaterally attacked in
> the manner and under the circum-
> stances described.

Your letter of November 5, 1940, directed to this Department, reads in part as follows:

"C. A. Briggs, an inmate of the Texas Penitentiary, has filed application for his release from prison upon a writ of habeas corpus, alleging that the judgment and sentence of conviction is void by reason of the fact that at the time he was convicted he had been previously adjudged insane, and that said judgment had not been set aside.

"As I understand the case Briggs was adjudged insane in the County Court of Harris County, Texas, about 1921, which judgment had not been set aside in any manner at the time of his trial in 1927, which resulted in his incarceration in the Penitentiary, and being the judgment and sentence involved in this contest.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The case wherein Briggs was convicted and is now serving time is reported in 2 S. W. (2d) 238.

"I have a certified copy of the charge of the Court that was given in that case and no issue of insanity was submitted to the jury, it evidently not having been raised in the trial of this case."

Relating to these facts, you request our opinion upon the question stated by you as follows:

"The legal principal involved in this case is whether or not a person who has been convicted of insanity, and said conviction not set aside, who afterwards commits a criminal offense and is tried on said criminal offense and convicted, and not having raised the issue of insanity in his main trial, can after his imprisonment be released upon a writ of habeas corpus, alleging that the judgment and conviction is void, by reason of the fact that he was legally insane at the time of his conviction."

From your letter and the report of the case of Briggs v. State in 2. S. W. (2d) at page 238, we construe the facts to present simply the question of a collateral attack, by a habeas corpus proceeding, upon a judgment of conviction, grounded upon the proposition that in virtue of an unvacated judgment of insanity against the defendant many years before, his later conviction of a criminal offense is void, notwithstanding the failure of the accused to interpose the defense of insanity and to establish the judgment of insanity upon the trial of the criminal case.

The habeas corpus application described in your letter is not, of course, one seeking to establish the present insanity of Briggs, in other words, insanity after conviction, as contemplated by Article 921, et seq., of the Code of Criminal Procedure.

The precise question which your letter presents is an original one in Texas insofar as our careful investigation has revealed.

Article 34 of the Penal Code of Texas provides:

"No act done in a state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished while in such condition."

This statute simply means that insanity at the time of the commission of a crime is a defense thereto, that insanity at the time of the trial shall preclude a trial of the criminal offense while the accused is in such condition, and that insanity after conviction shall preclude punishment therefor while the condition continues.

Evidence of the first, as a defense to the criminal charge, may be introduced under the plea of "not guilty". Article 521, Code of Criminal Procedure.

The second authorizes and contemplates, upon timely request therefor, that the accused is entitled to and should be given a separate hearing on the question of his insanity prior to his trial upon the criminal charge. Rice v. State, 120 S. W. (2d) 588, and cases cited.

The third may be taken advantage of after conviction of a criminal offense under the procedure outlined in Article 921, et seq., of the Code of Criminal Procedure. Ex parte Millikin, 299 S. W. 433; Escue v. State, 227 S. W. 483.

Neither of the foregoing was or is being availed of by Briggs. His prior adjudication of insanity was not shown in his trial for robbery and no evidence of insanity presumably was introduced in the trial. He was represented by counsel in the trial court and on the appeal of his case wherein certain questions in no sense involving his alleged insanity were decided adversely to him by the Court of Criminal Appeals of Texas.

Presumably, also, he made no request for a prior hearing upon his sanity before his trial upon the robbery charge.

He does not at this time in his application for release upon a writ of habeas corpus claim that he is now insane.

It is recognized, of course, that the presumption of sanity which the accused must overcome in a criminal case ceases to exist and there arises a presumption of insanity which the State must overcome upon the showing by the accused of a prior and unvacated judgment of insanity against him.

"In Texas the rule is that, <u>where insanity has been once shown to exist as by judgment of the court</u>, the presumption is that insanity continues and the burden of proof is upon the State to show otherwise, and the jury must be so informed." Morse v. State, 152 S. W. 927, 928; Hunt v. State, 26 S. W. 206; Yantis v. State, 255 S. W. 180; Davidson v. State, 4 S. W. (2d) 74; Kizer v. State, 92 S. W. (2d) 439; Young v. State, 46 S. W. (2d) 991; Glover v. State, 69 S. W. (2d) 136.

Does this mean, however, that the insanity of the accused need not be interposed by him upon his trial, such defense not established, a prior judgment of insanity not introduced in evidence, and, nonetheless, a judgment of conviction rendered against him in such case would be void because at some time in the past the defendant had been adjudged insane? We think not.

In Emerson v. State, 59 S. W. (2d) 117, there was before the Appellate Court a bill complaining of, generally, the fact that the appellant was not mentally or physically able to defend himself properly, and of a refusal to continue the case for such reason. After pointing out facts warranting the trial court in refusing the continuance, the court said:

"Examining the court's charge in connection with the other parts of the record, we find nothing to lead us to conclude that upon the trial of this case any plea of insanity was interposed. Under the merciful provisions of our statutes, one cannot be tried while in a condition of insanity, <u>but in order to avail himself of any supposed error in putting him on trial while in such condition, there would have to be a plea interposed upon which an issue might be formed and a jury decision had.</u>" (Emphasis ours)

Ex Parte McKenzie, 28 S. W. (2d) 133, involved an original application for a writ of haveas corpus based on an affidavit stating that the applicant was insane at the time of his trial and conviction of murder. The court in questioning its authority over the trial court in such matters, declared:

"It is more than questionable as to whether we have any authority over any trial court in such matters. From the record on file in this court it is plain that applicant was ably defended when upon trial

for murder. The situation revealed by said record
indicates activity and participation in the trial by
applicant himself. Said trial was exhaustive. <u>If
there had been any evidence of insanity, or desire to
interpose such plea, it appears to us same should
have been advanced at that time.</u>" (Emphasis ours)

In Young v. State, 46 S. W. (2d) 991, 995, the
court said:

"Complaint is made of the fact that the issue
of insanity at the time of the trial was not submitted
to the jury or passed on in any manner. We find noth-
ing in the record in any way raising such issue, either
during the trial or antecedent thereto; the latter be-
ing ordinarily the proper time to have instituted such
inquiry, if a decision of same be desired. As far as
we know, appellant was represented by attorneys of his
own choosing, and we are impressed with a belief that,
had affidavit been made prior to this trial setting up
present insanity, or evidence presented suggesting in-
sanity at the time of trial, a jury would have been
impaneled for the determination of that issue. Ramirez
v. State, 92 Tex. Cr. R. 38, 241 S. W. 1020. Failing
to pursue this course, we do not believe the trial
court called upon to submit the issue of present in-
sanity here, and certainly he was not called on, as
said in Soderman v. State, 97 Tex. Cr. P., 30, 260
S. W. 607, upon his own initiative to stop this trial
after it had begun and begin and conduct another. . . ."

In Soderman v. State, 260 S. W. 607, 611, it was
held:

"During the trial one of the witnesses for the
appellant expressed the opinion that the appellant was
insane at the time. After verdict, for the first time,
appellant, in his motion for a new trial, complains
of the failure of the court to call another jury and
have the issue of present insanity tried preliminary
to submitting the issue of appellant's guilt to the jury.
If demand for a separate trial upon the issue of present
insanity had been made in a timely manner, doubtless the
trial court would have accorded the privilege. The
right of the trial court upon his own initiative, after
the jury had been impaneled and charged with the deliver-
ance of the appellant, to stop the trial and begin

another would be open to serious question. The statutes do not say in terms that the issue of present insanity shall be first tried. This court has held, however, that where the demand is made before the trial begins it should be first tried for the obvious reason that one who is insane might not be in a position to properly conduct his trial upon the issue of guilt or innocence. Article 39, P. C.; Ramirez v. State, 92 Tex. Cr. R. 38, 241 S. W. 1021. Where, as in this case, present insanity is not intimated in advance by the attorneys conducting the trial, or is not at that time apparent to the court, the failure of the court to impanel a jury to determine that issue preliminary to the trial for the offense with which the accused was charged cannot be successfully urged after verdict."

While these cases relate specifically to the question of the insanity of an accused person at the time of his trial upon the criminal charge and his right to a separate sanity hearing, the principle which they declare is that an accused person must assert any right arising from his alleged insanity at the proper time. Insanity is not a permanent condition under the law. Notwithstanding a person's adjudicated insanity at a prior time, the continuance of the condition and its existence at the time of the commission of an offense, or at the time of trial thereupon, does not follow as a matter of law -- a presumption of insanity arises and the burden of proof changes upon the showing of a prior and unvacated judgment of insanity.

It was said in Kizer v. State, supra, that "in criminal cases where there is in evidence a valid judgment of insanity against the accused at the time of the commission of the offense charged, the State must prove beyond a reasonable doubt that at such time the accused was sane and the shifting of the burden of proof in the instant case from the State to the defendant may have been a matter of vital importance to him." (Emphasis ours)

And again in this case on motion for re-hearing, it was said:

"This case was approved and followed in Davidson v. State, 109 Tex. Cr. R. 251, 4 S. W. (2d) 74, in which both in the original opinion and in the opinion on re-hearing we stressed the proposition that when the proof showed that at some time prior to the com-

mission of the offense on trial the accused had
been adjudged insane, and such judgment had never
been set aside or vacated, that the burden of proof
shifted to the State, and it became the duty of the
trial court to instruct the jury that in such case
the defendant was presumed to be insane until the
State showed beyond a reasonable doubt to the con-
trary." (Emphasis ours)

Each of the foregoing cases, it seems, recognize the
proposition that it is incumbent upon the accused to establish
the existence of a prior unvacated judgment of insanity before
and whereby he may take advantage thereof.

It may therefore be said that the defense of insanity
at the time of the commission of an offense, and it is but a
defense to the charge, is one which must be asserted by the
defendant upon his trial. If he has never been adjudged insane,
he must show by a preponderance of the evidence that he was in-
sane at the time. If he has been adjudged insane and such judg-
ment has not been set aside or vacated, the accused may, by
establishing this judgment before the court, secure to himself
the advantage of the presumption of insanity which the State
must overcome. In either event, however, the defendant must
interpose his plea of insanity in the required manner; there
is no intimation in the reported cases that he may absolutely
fail to do so and subsequently raise the issue in a collateral
attack upon the judgment of conviction.

Moreover, a judgment of conviction is res adjudicata
of the issues necessarily comprehended in the trial and convic-
tion of a person for violating the criminal laws. One of these
issues is that of the sanity of the defendant for the obvious
reason that the law declares that one who was insane at the
time of the commission of an act, otherwise a criminal offense,
may not be punished therefor.

This was clearly stated by the Supreme Court of Mis-
sissippi in Mitchell v. State, 179 Miss. 814, 176 So. 743, 121
A. L. R. 258, as follows:

"It has long been a settled principle of the com-
mon law that a judgment of a court of superior juris-
diction is conclusive by way of res adjudicata of all
those issues involved in the record of the original
trial, and which, being so involved, might have been
therein litigated. Hardy v. O'Pry, 102 Miss. 197, 214,

59 So. 73. And especially is this true when as to
a particular issue it was necessary for the court
and jury to have decided that issue in order to
warrant the verdict and judgment which were rendered.
In order to warrant the rendition of a verdict and
judgment fof crime it is necessary that the judgment
shall comprehend the issue that the accused, both at
the time of the commission of the offense and at the
time of trial, was of sufficient mental soundness to
be held to criminal accountability and to be subject
to a trial therefor, with the result that when a ver-
dict of guilt and a judgment of condemnation have been
returned and entered, that action is res adjudicata of
both the issues mentioned."

The elementary principle, embodied in Article 34 of
the Penal Code, that an insane person may not be put to trial
for his life or liberty on a criminal charge if he is at the
time insane, or be punished for an act if he was insane at the
time of its commission, is not violated in holding that it is
incumbent on the accused to assert such defense upon his trial.
As before pointed out, the plea of "not guilty" authorizes the
introduction of evidence by the defendant on the question of
his insanity. If he does not avail himself of such defense by
making the requisite proof thereof, he may not subsequently,
in a collateral proceeding, successfully attack the judgment
of conviction against him on the basis of his alleged insanity
at the time of the trial or the commission of the offense.

A moment's reflection will reveal the necessity and
propriety of this rule. Were it otherwise, a defendant could
forego the defense of insanity in the trial of the criminal
charge, take his chances upon a successful defense in other
particulars, and, if unsuccessful, thereafter in a collateral
proceeding attack the judgment of conviction as void because
of the existence of extraneous facts.

Furthermore, if an outstanding judgment of insanity
against the accused would render a judgment of conviction void,
although not established in evidence, the rule of the presump-
tion of sanity of the defendant would, in effect, be abrogated.
The State would be compelled in every case, as a matter of pre-
caution, to establish the sanity of the defendant beyond a
reasonable doubt lest there be in existence somewhere an unva-
cated judgment of insanity of which it had no knowledge and,
as a practical matter, in the exercise of diligence could not

have had knowledge.

Finally, we note the case of Myers v. Halligan, 244 Fed. 420, L. R. A. 1918B, p. 80, by the Ninth Circuit Court, which holds that habeas corpus is not a proper remedy to secure the release of a person convicted of a crime while at large after his escape from an insane asylum, but that the remedy, if any, is by appeal. The application of the principle thus declared to the case before us appears in the following quotation from the opinion of the court:

"He therefore was in a position to interpose the defense of insanity in the later case as well, or the defense, if it amounted to such, that he was an escaped insane person, and if he neglected to do so it was a matter of his own choosing. That court was competent to try all these matters, and if it erred touching the same, the petitioner's remedy was by appeal therefrom, and not by writ of habeas corpus. That he might have been insane at the time of the commission of the offenses with which he was charged, or at some time had been adjudged insane and had escaped from his place of confinement without a regular discharge, affords no reason why the court was without jurisdiction to try him on the later charges. Insane persons are brought into court every day, and their cases are humanely and properly disposed of without resort to habeas corpus. . . ."

Adverting to the question at hand, it is, therefore, the opinion of this Department that the judgment of the District Court of El Paso County convicting Briggs of robbery and assessing his punishment therefor, which was affirmed by the Court of Criminal Appeals of Texas, is not void in virtue, only, of a prior unvacated judgment of insanity against Briggs which was not before the court in the trial of the criminal case. Accordingly, it is our opinion that the described application of C. A. Briggs for his release from prison upon a writ of habeas corpus, filed in the District Court of Walker County, Texas, should be refused.

We express no opinion upon the action of the District Judge of Walker County in not making the writ returnable to

the District Court of El Paso County where Briggs was in-
dicted and tried.  See Ex Parte Patterson, 141 S. W. (2d)
319,322.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____

Zollie C. Steakley
Assistant

ZCS:BBB

APPROVED NOV 15, 1940

ATTORNEY GENERAL OF TEXAS