CLAVIS FLANAGAN V. THE STATE.

No. 21512. Delivered April 23, 1941.
Rehearing Denied May 28, 1941.
Request for Leave to File Second Motion for
Rehearing Overruled June 11, 1941.

The opinion states the case.

*Wellborn & Wellborn,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is rape; the punishment, confinement in the penitentiary for five years.

The indictment contained two counts, the first of which omitting the formal parts, embraced averments as follows:

"Clavis Fanagan * * * did then and there unlawfully have carnal knowledge of Geraldine Forman, a female then and there under the age of eighteen years and then and there not being the wife of the said Clavis Flanagan * * *." The second count charged appellant with unlawfully ravishing and obtaining carnal knowledge of Geraldine Forman by force and threats without her consent. In the charge of the court both counts were submitted to the jury. A verdict was returned finding appellant guilty as charged in the first count, that is, guilty of rape upon a female under the age of eighteen years.

Geraldine Forman was between sixteen and seventeen years of age on the first day of March, 1940, the date the assault upon her was alleged to have been committed. According to her testimony, she attended a party at the school house on the night of the first of March, 1940. While playing a game which required couples to walk away from the school building she and appellant proceeded to a clump of pine trees which she judged to be about one hundred yards removed from the school building. While there appellant ravished her. She fought him to her utmost but was unable to prevent him from having sexual intercourse with her. Shortly after returning to the school house she reported the matter to Thomas Jay.

Jay testified that prosecutrix was in tears when he talked to her. He also testified that after the alleged assault appellant stated to him that he had gotten in the "pants" of prosecutrix.

A physician who examined prosecutrix after the alleged rape testified that her hymen had been torn on the left side and that the vaginal entrance was about the normal size.

Appellant did not testify, but introduced a number of witnesses. Some of these witnesses gave testimony tending to show that prosecutrix had, prior to the alleged assault, had sexual relations with men. There was testimony to the effect that she had permitted men to kiss and embrace her. Some of the witnesses testified that prosecutrix had tried to induce appellant to marry her. It was the theory of appellant, given support in the testimony, that prosecutrix had falsely accused him of mistreating her in order to force him to marry her.

The State introduced sufficient evidence to warrant the conclusion that prosecutrix was chaste prior to the time appellant had sexual intercourse with her.

We have not undertaken to set out the testimony in detail. We deem the evidence sufficient to support the judgment of conviction.

As shown in bill of exception No. 1, appellant's first application for continuance was overruled. It was alleged in the application that appellant was not ready for trial on account of the absence of Christine Alsup, who was temporarily residing in Illinois, but who had formerly resided in Rusk County. According to the averments in the application, the witness would testify that prosecutrix told her after the alleged rape that appellant had not mistreated her; and that she falsely accused him of the offense in an effort to induce him to marry her. It was further alleged that the witness would testify that prosecutrix had requested her to arrange a meeting between prosecutrix and appellant in order that they might discuss the question of their marriage. The indictment was returned on the 6th day of July, 1940. On August 6, 1940, the trial was set for the 6th day of September, 1940. The witness left her home in Texas for Illinois about August 14, 1940. Appellant waited until September 6, 1940—which, as observed, was the date the case was set for trial—to have process issued for the witness. The subpoena was not served in view of the absence of the witness from the State. If the subpoena had been promptly issued after the return of the indictment the witness could have been served. It is observed that more than a month intervened between the date of return of the indictment and the date on which the witness left the State. Approximately two months intervened between the return of the indictment and the date upon which the subpoena for the witness was issued. We are of opinion that the facts stated conclusively show that appellant failed to discharge the burden resting upon him to establish the exercise of diligence. Ferrell v. State, 38 S. W. (2d) 796. We pass the question as to whether the testimony of the absent witness was of a purely impeaching character.

Bill of exception No. 19 relates to appellant's averment in his motion for new trial that a discussion of his failure to testify had taken place in the jury room prior to the time a verdict had been reached. A majority of the jurors testifying affirmed that they heard no reference made to the failure of the appellant to testify, notwithstanding they were together with the balance of the jury practically during the entire time they were deliberating. The jurors who claimed to have heard mention made

of the failure of the appellant to testify apparently did not identify the juror who made the remark. No juror testified that he made such a remark. If we comprehend the testimony adduced upon the motion, if such a remark was made, it was purely casual. The effect of the testimony was that some juror said: "If he wasn't guilty why didn't he take the stand and explain it to us and tell us he was not guilty?" Some of the jurors testified that the juror making the remark was admonished, in effect, that it was not proper to mention the failure of the appellant to testify, and that thereafter the matter was not again mentioned.

However, two or three jurors testified that the remark influenced them and said, in effect, that it caused them to vote for a conviction. It is not clear, under the testimony adduced, that the trial court was not warranted in holding that no such remark was made. At all events, he was warranted in finding that if any juror made such remark he was promptly admonished and that thereafter no further mention of the fact that appellant had not testified was made. Under the circumstances, we are constrained to uphold the action of the court in overruling the motion for new trial. This court has expressly held that jurors may not be permitted to impeach the verdict of the jury by testifying that they took into consideration the failure of the accused to testify. Randall v. State, 49 S. W. (2d) 819. The writer is of opinion that the verdict may not be impeached by the testimony of jurors to the effect that a casual reference to the failure of the appellant to testify caused them to return a verdict of guilty. Be that as it may, we reiterate that we find no abuse of the discretion of the trial court in overruling the motion for new trial.

We have carefully examined all of appellant's bills of exception and fail to find reversible error.

It is observed that the only point submitted in oral argument before this court was that relating to the conduct of the jury in the alleged discussion of the failure of the appellant to testify.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, Presiding Judge.

The foregoing opinion was prepared by Judge Christian and brought into consultation on the morning of April 15, 1941. During consultation, at about 10:30 a. m., he was suddenly stricken and soon lapsed into unconsciousness, and passed away about 7 o'clock in the evening of April 15. In the afternoon the court continued its consultation, considered the opinion, and adopted the same. It is now here formally announced as the opinion of the court under the name of our lamented co-worker, this April 23, 1941.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant vigorously challenges the correctness of our original opinion herein in our treatment of his bill of exceptions No. 19, in which he alleges misconduct of the jury in their deliberations.

The late lamented Judge Christian considered this bill in the original opinion, and discussed the same, evidently overlooking the form of such bill.

Bill No. 19 begins on page 125 of the transcript and ends on page 209 thereof, thus occupying 84 pages in such record, the major portion of which consists of the testimony of fifteen witnesses, all in question and answer form, with no certificate of any kind from the trial judge that it was necessary to present such testimony in such form in order to elucidate the fact or question involved. See Art. 766, Sec. C. C. P. We quote a portion of such section:

" * * * Such stenographer's report, when carried into the statement of facts or bills of exception, shall be condensed so as not to contain the questions and answers except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved."

Also see Pocket Part, Vol. 3, Vernon's Ann. C. C. P., p. 72, Sec. 58 for authorities cited.

We have diligently searched the record for such a certificate upon the part of the trial court and are unable to find the same.

Under the above facts and holdings bill of exceptions No. 19 will not be considered by us, and finding no further matters called to our attention, the motion for a rehearing is overruled.

ON REQUEST FOR LEAVE TO FILE
SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has presented a request for leave to file a second motion for rehearing in which he calls attention to an order of the trial judge contained in a supplemental transcript, which order appellant contends authorizes this court to consider his bill of exception number nineteen.

Before the opinion overruling the motion for rehearing was delivered on May 28, 1941, another opinion had been prepared in which said bill was again considered, the evidence of the jurors reviewed, and the same conclusion reached as announced in our original opinion, but before said opinion was released the defect in said bill of exception number nineteen was discovered, which resulted in the opinion on rehearing delivered on May 28th, which omitted mention of the order in the supplemental transcript. For that reason appellant's second motion for rehearing will be considered.

The term of court at which appellant was tried adjourned on November 2, 1940. The original transcript was filed in this court on the 22d day of January, 1941. Said transcript contains bill of exception number nineteen, which was approved on December 14, 1940. On the 19th day of February, 1941, there was filed in this court a supplemental transcript containing the following order: "I, Paul G. Brown, Judge Presiding in the above styled and numbered cause, do herbey certify that it is necessary to allow the defendant's Bill of Exception No. 19 to be reduced to question and answer form, coupled with the objection of the defendant and ruling of the court, in order for the Bill of Exception to reflect what actually transpired. And I do hereby further certify that I inadvertently failed to sign the certificate on the defendant's Bill of Exception No. 19, so certifying as to the necessity of allowing the said Bill of Exception to be reduced to question and answer form, at the time said Bill of Exception was approved by the court and ordered filed as a part of the record in this cause. I hereby now, this 17th day of February, 1941, enter this order Nunc Pro Tunc as of the 14th day of December, 1940."

Efforts have been made often, sometimes by the State and sometimes by appellants, to amend statements of fact and

bills of exception after appeal has been perfected and the record filed in this court, and it has been the consistent holding of the court that in the absence of fraud, no such amendment would be permitted. The same rule with reference to attempted amendments applies to both statement of facts and bills of exception. See Johnson v. State, 147 S. W. (2d) 811. The rule is very clearly stated in Sec. 332, p. 476, Tex. Jur., Vol. 4, as follows: "Neither the trial court nor anyone else may add to, amend or change a statement of facts or bill of exceptions after the time for filing it has expired, or after the appeal has been perfected and the record has reached the appellate court; a supplemental statement made after the time for filing a statement has expired will not be considered." Cited in support of the text are Sullenger v. State, 79 Tex. Cr. R. 98, 182 S. W. 1140; and Gerard v. State, 10 Tex. Cr. App. 690. See also McBride v. State, 93 Tex. Cr. R. 257, 246 S. W. 394, which cites earlier cases; Davidson v. State, 109 Tex. Cr. R. 251, 4 S. W. (2d) 74, with authorities there referred to in the opinion on rehearing. See also Rountree v. State, 128 Tex. Cr. R. 28, 78 S. W. 629; Johnson v. State, 147 S. W. (2d) 811.

In whatever form it comes it is quite evident that the order of the court made on February 17, 1941, and brought forward in the supplemental transcript is an effort to amend bill of exception number nineteen, after the record reached this court, and after the trial term of court had adjourned. Under all the authorities mentioned and referred to this could not be done. We observe a statement in the order of date February 17, 1941, to the effect that the trial judge had inadvertently failed to sign the certificate on the defendant's bill of exception number nineteen that it was necessary for the bill to be in question and answer form. We have again examined said bill as it appears in the original transcript and find no such certificate as that mentioned.

We see no reason why a statement of facts of the evidence heard on a motion for new trial should not be preserved in narrative form any more than the evidence heard on the main trial. There might be some particular question and answer that it would be necessary to set out in that form, but for the entire evidence to be so drawn out appears uncalled for.

Having considered the matter relied on in appellant's request to file second motion for rehearing, said motion is overruled for the reasons stated.