## BERTHA DAVIS V. STATE.

No. 24742. April 26, 1950.
State Motion For Rehearing Granted May 31, 1950.
Appellant's Motion Granted June 23, 1950.

*Jack P. Bond,* Terrell, for appellant.

*Robert K. Ramsey,* County Attorney, Terrell, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Upon an information charging the unlawful possession of wine for the purpose of sale in Kaufman County, a dry area, appellant was convicted and punishment assessed at a fine of $250.

The state was under the burden of establishing, either by proof or otherwise, that Kaufman County was a dry area within

the meaning of the Liquor Control Act. The statement of facts, as well as the record as a whole, fails to reflect that the state discharged that burden.

The evidence is therefore insufficient to sustain the conviction. Hodges v. State, 151 Tex. Cr. R. 511, 209 S. W. 2d 611; Brigham v. State, 154 Tex. Cr. R. 55, 225 S. W. 2d 176.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

The record has been perfected to show that it was agreed on the trial that Kaufman County was a dry area and appellant's counsel agrees that such fact should be considered by this court upon rehearing.

Officers, armed with a search warrant, entered an outhouse near the home of appellant, and found therein some nineteen quarts of wine.

The outhouse was locked, and the officers entered the building by removing a piece of tin from the front door. Appellant thereafter delivered to the officers a key to the lock on the outhouse door.

The officers testified that in making the search they went directly to the outhouse, and did not see or talk to appellant until one of them went to the house and asked for the key.

Appellant complains that the search of the outhouse was illegal, because the search warrant was defective, vague and indefinite in the description of the premises and of its occupant.

The warrant describes the property as "one story, 2 or 3 room frame house, unpainted, located at 214 East Grove Street, and all outhouses and autos, in City of Terrell, Texas." It alleges the name of the occupant of said premises as "party of name of Bertha, last name unknown, Negro woman."

The warrant appears to be sufficient to authorize the search.

Appellant next complains that though the officers had a

warrant which they claimed authorized the search of her private dwelling and premises, they proceeded to search the outhouse and took possession of the wine therein without advising or notifying appellant that they had such warrant, or that a search was to be made.

The failure of the officers to notify appellant that they possessed a search warrant, or to advise appellant of their intent to search the premises, did not render the search illegal. See Boyer v. State, 128 Tex. Cr. R. 76, 79 S. W. 2d 318; Elms v. State, 114 Tex. Cr. R. 642, 26 S.W. 2d 211; Rushing v. State, 151 Tex. Cr. R. 221, 206 S.W. 2d 252.

The amount of wine being sufficient to make applicable the prima facie evidence rule together with the failure of appellant to testify or offer other defensive testimony requires the conclusion that the evidence is sufficient to sustain the conviction.

The state's motion for rehearing is granted, the order of reversal is set aside, and the judgment of the trial court is now affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant was convicted of the possession of wine in Kaufman County for the purpose of sale, it being alleged that Kauffan County was "dry area," and punishment assessed at a fine of $250.00.

The trial court instructed the jury that said county was "dry area."

Upon original submission it was discovered that the statement of facts contained no evidence, nor was it otherwise shown therein, that said county was "dry area." By opinion of date April 26, 1950, by reason of the then state of the record the judgment was reversed and the cause remanded.

The state filed a motion for rehearing, accompanying same with the following document which was filed in this court.

"No. 24742

"Bertha Davis, Appellant

 "vs.  ---Appeal from Kaufman County

"State of Texas, Appellee

"SUPPLEMENTAL STATEMENT OF FACTS.

"That after the information had been read and the defendant had pleaded "not guilty" the attorney for the defendant Mr. Jack. P. Bond and the state's attorney got up together in open court and announced to the judge and jury that it had been agreed between the parties that Kaufman County was at the time of the alleged offense a dry area as defined by law in the Texas Liquor Control Act and further that Kaufman County at the time of the trial is a dry area as defined by law by the Texas Liquor Control Act.

/s/"Robert K. Ramsey
"Robert K. Ramsey
"County Attorney
"Kaufman County, Texas.

"APPROVED: Fred W. Bankhead /s/
"County Judge
"Kaufman County, Texas.

"APPROVED: Jack P. Bond /s/
"Jack P. Bond
"Attorney for Defendant

"Explanation:

"The foregoing supplemental statement of facts has been read and approved by the parties whose signature are hereto affixed and they pray to the Honorable Court of Criminal Appeals of Texas that this supplemental statement of facts be recognized and taken into consideration together with appellee's motion for rehearing.

"/s/ Robert K. Ramsey
"Robert K. Ramsey
"/s/ Fred W. Bankhead

"Jack P. Bond /s/
"Jack P. Bond"

We desire to say here that Mr. Bond, attorney for appellant, is to be commended for his attitude of not taking advantage of the omission from the statement of facts and in joining the prosecuting attorney in an effort to supplement the record.

In passing upon the state's motion for rehearing we considered the supplemental statement of facts, the effect being to overrule an unbroken line of authorities since 1898. So far

as our investigation goes the question was first before this court in Brande v. State, 45 S. W. 17. The question was again before this court in 1910 in Gherke v. State, 59 Tex. Cr. R. 508, 128 S.W. 380. There an alleged forged instrument which had been admitted in evidence was omitted from the statement of facts. It was averred that through mistaken and inadvertence of both the state and defendant and the stenographer who prepared the statement of facts, the check was omitted. The court said: "* * * After the statement of facts has been approved and the record made up we know of no rule of practice that will authorize parties to the case to add anything to the statement of facts. Here the appellant complains that the check was introduced in evidence but he omitted to have it copied in the statement of facts and he now asks that this omission be supplied by allowing the statement of facts to be amended so that said check may be incorporated. This can not be done. If the rule insisted upon in this case should obtain and this court would hold that this omission could be supplied, we would find ourselves confronted with the propostion that statements of fact could be amended after the record reached this court. * * *"

If this holding has ever been departed from we are not aware of it. We call attention to McBride v. State, 93 Tex. Cr. R. 247, 246 S.W. 394, in which several prior cases are cited; Hurd v. State, 99 Tex. Cr. R. 388, 439 S.W. 99; Davidson v. State, 109 Tex. Cr. R. 251, 4 S.W. 2d 74; Flanagan v. State, 142 Tex. Cr. R. 177, 151 S.W. 2d 803. We specially cite Weeks v. State, 134 Tex. Cr. R. 69, 113 S.W. 2d 532 and Lawrence v. State, 151 Tex. Cr. R. 621, 210 S.W. 2d 159, because they are cases for violation of the liquor laws, and deal directly with the effort to amend the statement of facts to show that the offense was committed in "dry area." The Weeks case was reversed because the statement of facts failed to show "dry area." Regarding an effort to amend the statement of facts, we said:

"The State has filed a motion for rehearing, attached to which a supplemental statement of facts supplying the omission from the one originally filed, which defects therein resulted in the reversal of the judgment. This subject has been before the court frequently. In some instances the State would seek to amend the statement of facts and in others the appellant. It has been the consistent holding that a statement of facts could not be amended or supplemented by either party after the record has reached the appellate court. To permit it would do away with all orderly procedure. * * *" citing many of the cases already referred to and some additional ones. In the Lawrence case there was an agreement or stipulation that Grayson County was

"dry area" but this was omitted from the statement of facts. In regard to an effort to amend the statement of facts, we said: "* * * The original statement of facts was examined by the county attorney as well as by the attorney for appellant and was agreed to by both parties which was approved by the trial court as a true and complete statement of the facts proven on the trial. We do not doubt the correctness of the State's contention that it was stipulated at the beginning of the trial that Grayson County was a dry area, however, we are not authorized to consider the supplemental statement of facts. * * *"

In granting the state's motion for rehearing in our opinion of date May 31, 1950, we overlooked the result of considering the "Supplemental Statement of Facts," in effect, overruled the long list of cases herein referred to. Such was not our intention. Appellant's motion for rehearing is granted. Our opinion of date May 31, 1950, is withdrawn, and that of date April 26th, 1950, is reinstated.

It is appellant's contention that in his bills of exception the court certified that his ruling regarding the evidence complained of was "inflammatory, improper and prejudicial and calculated to prejudice the rights of the defendant." It is difficult to determine from the bills whether the trial court so certified or whether that was only the contention of appellant. We call attention to this matter so that bills of exception may be so drawn as to avoid such question.

The judgment is reversed and the cause remanded.