Will Sears, City Atty., Charles Easterling, Asst. City Atty., Houston, Wesley Dice, State's Atty., of Austin, for the State.

BELCHER, Judge.

Appellant sought his discharge by writ of habeas corpus filed in the County Court at Law No. 3 of Harris County, Texas, alleging in his application that he was illegally restrained of his liberty by the Sheriff of Harris County, by virtue of process issued out of the County Court at Law No. 2 of Harris County, Texas, which was based on a void conviction.

After a hearing, appellant was remanded to the custody of the Sheriff of Harris County, and from said order he gave notice of appeal.

At most, the record in this case shows that the appellant was being held by the Sheriff of Harris County for his failure to pay a bill of costs in County Court at Law No. 2 of Harris County, Texas, "for speeding."

In the absence of the complaint and judgment upon which the conviction rests, we are unable to determine whether the trial court erred in refusing to discharge appellant.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

On Motion for Rehearing

MORRISON, Judge.

Appellant now moves this Court to consider a supplemental statement of facts entitled "Exhibits on Appeal," which was filed in the trial court long after the expiration of the 90 days provided by Article 759a, V.A.C.C.P.

As we view such article, it applies to appeals from the denial of a writ of habeas corpus as well as appeals from trials on the merits.

It has been the consistent holding of this Court that "supplemental statements of fact" filed too late may not be considered. Davis v. State, 155 Tex.Cr.R. 101, 231 S.W. 2d 444.

The motion for rehearing is overruled.

## FAIRRIS v. STATE.

### No. 26674.

Court of Criminal Appeals of Texas.

Dec. 2, 1953.

No attorney on appeal for appellant.

William H. Scott, Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

Robbery by assault is the offense; the punishment, ten years in the penitentiary.

The record is before us without a statement of facts or bills of exception. Nothing is presented for our consideration.

The judgment is affirmed.

Opinion approved by the Court.